LANDRY
vs.
SEGOND.

---

LANDRY *vs.* SEGOND.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH
OF ASCENSION, THE JUDGE OF THE FOURTH PRESIDING.

The act of the wife, *retracting* her renunciation of her right of mortgage on her husband's property, must be made contradictorily with the creditor in whose favor she has renounced: so far, at least, that he should be *notified* of the passing of the act of retraction.

*Without notice to the creditor, of the passage of the* act of retractation of *the renunciation* of the wife, it will not interrupt the prescription of forty days, within which it must be passed, under the act of the 27th March, 1835.

This case commenced by an opposition and injunction against the defendant's order of seizure and sale.

The plaintiff and opponent alleges, that she was separated in property from her husband, and had judgment with privilege and mortgage on all his property, for the sum of two thousand and twenty-four dollars, and costs. That the defendant has obtained an order of seizure and sale against sundry slaves, and has advertised them for sale. She prays that the amount of her judgment against her husband be first paid to her out of the proceeds of the sale of said slaves, &c.

The defendant pleaded a general denial. He denied that the plaintiff ever obtained judgment against her husband ; or if she did, it was fraudulent and collusive ; that if she had any mortgage or privilege, it was inferior in rank to his ; and that she had renounced her right of mortgage in favor of his, and was precluded from setting up in opposition to him ; and finally, that if she has ever been relieved from the effect of her renunciation, it is too late, as she has lost her remedy by prescription. He prays that her opposition and injunction be dismissed, and that the sheriff be commanded to pay over the proceeds of the slaves so seized and sold in satisfaction of his demand.

Upon these pleadings and issues, the cause was tried. The plaintiff offered in evidence to do away the effect of her renunciation of her right of mortgage, her *retractation* of the same by notarial act, the 4th June, 1835, under the law of the 27th March, 1835.

The counsel of the defendant objected to the reading of this document, on the ground that he had not been notified of the plaintiff's intention to retract her renunciation ; that it could only be done by legal citation in a court of justice. The court received the document for what it was worth, conceiving that the objection went to the effect of the evidence,

to which the defendant's counsel excepted. The law under which the plaintiff retracted, was approved March 27, 1835. The first section declares that all married women above twenty-one years of age, &c., who have renounced their mortgage for the restitution of their matrimonial, dotal, paraphernal, or other *rights, shall have the right of retracting* the said renunciation, *during only forty days which follow the promulgation of the present act, &c.*

The retractation here set up, was made and passed the 4th of June, 1835, without any notice to the creditor.

There was judgment in favor of the plaintiff sustaining her retractation and mortgage, and ordering her claim to be paid from the proceeds of the slaves seized and sold. The defendant appealed.

*Ilsley* and *Nicholls,* for the plaintiff and appellee.

*J. Seghers,* for the defendant.

*Simon, J.,* delivered the opinion of the court :

Plaintiff makes opposition to the defendant's receiving the whole amount proceeding from the forced sale of certain property of her husband, on which she alleges to have a legal mortgage and privilege, and which had been seized and sold at the suit of the defendant, by virtue of a special mortgage. She prays that the proceeds of said sale be retained in the hands of the sheriff, until the further order of the court, to satisfy a judgment which she had previously obtained against her husband ; and which judgment, founded, as she states, on her said legal mortgage and privilege, is to be satisfied in preference to the defendant's claim.

The defendant pleads that the plaintiff has no right to make opposition, because, by a notarial act, she formally renounced her legal and tacit mortgage, and yielded her right of priority in his favor ; and he further contends, that, could she in law have been relieved from the binding efficacy of her act of renunciation, she has lost her remedy by prescription.

On the trial of the cause, the plaintiff produced a document purporting to be a notarial act of retractation, to annul the act of renunciation by her made in favor of defendant; and the said act, having been admitted in evidence, notwithstanding the opposition of defendant's counsel, he took a bill of exceptions. As the objection goes only to the effect of the document, it becomes unnecessary for us to examine the bill of exceptions.

The first section of the act of the 27th of March, 1835, is as follows: "That all married women, aged above twenty-one years, who, with the consent of their husbands, have, by act passed before a notary public, voluntarily renounced in favor of third persons, the mortgage which they had for the restitution of their matrimonial, dotal, paraphernal, and other rights, shall have the right of retracting the said renunciations during only the forty days which will follow the promulgation of the present act." And in the French text, the law says: "*Ne pourront revenir contre les renonciations susdites.*" The difficulty that arises, is to know in what manner the retractation is to be made, as the law leaves us entirely in the dark with regard to the formalities to be pursued. There is no doubt that the legislature intended to establish a prescription, after the expiration of which, the acts alluded to should become binding and obligatory; and were we disposed to put it under the ordinary rules of prescription, it would be necessary, in order to interrupt it, that the other party should be cited. But this law does not appear to us to go so far as to require a regular action of nullity, or rescission. Its expressions are : "*The right of retracting the said renunciations*"; and in French, "*Revenir contre*"; which, though meaning something more than a mere act of retractation, does not necessarily include the idea of an action. Endeavoring to explain one text by the other, we think that the intention of the legislature has been to give to married women the right of retracting their renunciations, not *ex parte*, but so far contradictorily with the party in whose favor the original act of renunciation was made, as to require at least that he should be notified of the

EASTERN DIST.
*March*, 1840.

LANDRY
*vs.*
SEGOND.

The act of the wife, *retracting* her renunciation of her right of mortgage on her husband's property, must be made contradictorily with the creditor in whose favor she has renounced; so far at least, that he should be *notified* of the passing of the act of retractation.

Without notice to the creditor, of the passing of the *act of retraction of the renunciation* of the wife, it will not interrupt the prescription of forty days, within which it must be passed, under the act of the 27th March, 1835.

change of will of the obligor, and of the execution of the act of retractation. Was such an act permitted to be passed *ex parte*, and without the knowledge of the creditor, he might easily be made to believe that the act of renunciation has become binding and obligatory ; and relying upon its validity, he might transfer his rights in good faith to others ; and thereby, from the salutary object of the law, there would spring a source of litigation. We understand that whenever apparent rights exist, and particularly such rights as may become valid and executory after the lapse of time, they should not be destroyed by the *ex parte* act of one of the parties ; and that the other should at least be notified of the fact or circumstance tending to interrupt or destroy said rights. This is one of the principles of prescription ; and it seems to us that we are not violating the law, or going beyond its intention and meaning, in requiring that the creditor should have been notified of the passing of the act of retraction. It may be, that in general, no opposition to the retractation could be listened to from the creditors ; but we are not ready to say that it would be so in all cases.

In this case, it is not pretended that the defendant was ever notified of the execution of the act of retractation produced by the plaintiff; and we think the district judge erred in considering said act of retractation as sufficient to interrupt the prescription of forty days, established by the act of the 27th of March, 1835 ; and that said prescription has been acquired in favor of defendant.

It is therefore ordered, adjudged, and decreed, that the opposition made by plaintiff be overruled and dismissed ; that the injunction issued be dissolved ; and that the defendant recover the sum due him out of the proceeds of the sale of the property of plaintiff's husband, in the same manner as if no opposition had been made by said plaintiff. It is further ordered, that the plaintiff pay costs in both courts.