## DE ARMAS *v.* DE ARMAS et al.

The rule in regard to other prescriptions, that an interruption dates only from the time of its being brought home to the parties affected by it, applies to questions arising under the stat. of 27 March, 1835, allowing married women to retract, within forty days from its promulgation, certain renunciations of their legal rights.

Laws of prescription, and those limiting the time within which actions may be brought, are retrospective in their operation.

APPEAL from the Third District Court of New Orleans, *Maurian*, J. The facts out of which the questions of law in this case arise, are stated in the opinions *infrâ*.

*Budd* and *Redmond*, for the appellant. The judgment appealed from is void for want of a statement of the reasons on which it is founded. The stat. of 27 March, 1835, is unconstitutional, so far as it purports to be retrospective. No notification is required by that act of the intention to retract a renunciation of legal rights.

*Lockett*, for the defendants. The opinion of the court was pronounced by

ROST, J. The sole question in this case is, whether the plaintiff retracted a renunciation of her legal rights, made by her in a sale of immovable property effected by her husband, within forty days of the promulgation of the act of the 27th of March, 1835, establishing that limitation for all such renunciations. The act was promulgated on the 10th of April, 1835, and became obligatory on the 11th. Bullard & C.'s Dig. p. 541. The citation, and copy of the petition containing the retraction, were served on the defendants, on the 21st May following. The forty days elapsed on the 20th, and the limitation attaches.

We concur with the former court that, in this, as in other prescriptions, the <span style="float:right">De Armas</span> interruption takes date only from the time it is brought home to the parties affected by it. *Landry* v. *Segond*, 15 La. 156. Laws of prescription, and those limiting the time within which actions may be brought, are retrospective in their operation. *Third Municipality* v. *Ursuline Nuns*, 2 An. 611.

<div style="float:right;text-align:right">De Armas<br>v.<br>De Armas.</div>

The judgment purports to be rendered against the plaintiff on the ground of prescription. It cannot be considered as destitute of reasons.

<div style="text-align:right">*Judgment affirmed.*</div>

## SAME CASE—ON A RE-HEARING.

In calculating " the forty days following the promulgation of the statute of 27 March, 1835," restricting to that period the right of married women to retract the renunciations of any legal rights made by them in the sale of immovables, the day on which the act was promulgated, or that on which the term commenced—the day *a quo,* must be excluded ; the day *ad quem,* or that on which the term expired, being included. Thus in computing the forty days under that act, which was published in the official gazette on the 10th April, and was promulgated at the seat of government, the day after (Stat. 24 March, 1827, s. 1), the period must commence with the 12th of April; and a notice of retraction by a married woman served on the 21st May, is in time.

*Budd* and *Redmond*, for a re-hearing, urged that the statute approved March 27, 1835, published the 10th of April following, was not promulgated till the 11th of that month. The statute restricts the right of retraction to the "forty days which will follow its promulgation." The promulgation having occurred on the 11th of April, the plaintiff's citation and petition, served on the 21st day of May, 1835, were in time, that day being the fortieth which followed after the promulgation. The 1st section of the act of March 24, 1827, Bd. & C.'s D. p. 541, declares that, "all the laws enacted by the legislature of this State, shall be considered promulgated at the place where the seat of government is located, the day after the publication of such laws in the gazette authorized to publish the laws of this State, and in all other parts of this State thirty days after the publication in said gazette."

*R. Hunt* and *Lockett*, contrâ. It is admitted that the act of 27 March, 1835, was published in the official gazette on the 10th day of April, 1835. It follows that, the act must be considered promulgated on the 11th day of April, 1835. If on the 11th of April, the day after its publication, it was considered promulgated, there can be no doubt that the law was in force on that day. According to the english law, and the law of the several States of the Union, it is now the settled rule that, a statute, when duly made, takes effect from its date, when no time is fixed. Louisiana has adopted the more just and reasonable rule that, the statutes shall not take effect until they are duly promulgated ; but when once promulgated, they must be immediately executed. The Civil Code, art. 5, provides : " The laws shall be executed through every part of this State, from the moment they shall be promulgated in the manner prescribed "—du moment ou la promulgation en aura été faite. It seems plain then that, the act of 27 March, 1835, which, on the 11th day of April, 1835, was considered promulgated, was in force on that day. A violation, on the 11th of April, of a penal law, published on the 10th of April, in the official gazette, at the seat of government, would clearly be punishable under that law ; for every law must be executed from the moment of its promulgation. The moment means the very instant; it is the most minute and indivisible portion of time.

The law recognizes no fraction of a day. A man born on the 1st day of January, is of age to do any legal act on the morning of the last day of December; i. e. the day preceding the twenty-first anniversary of his birth. 1 Bl. Com. 463. Salk. 44, 625. Bacon's Abr. Title "Infancy and Age." Ld. Raymond, 281, 480. Where a time is appointed for doing an act, it must be

DE ARMAS
v.
DE ARMAS.

done at that time. If a man bind himself to do a particular thing, if requested, he is not compelled to do it unless the request be made at the appointed time. So, in *Fitzhugh* v. *Dennison*, where it was stipulated that, at the end of seven years, the defendant, if requested. should cause *J. D.* to be made free of the company of Joiners in London, the Chief-Justice said : " The end of seven years is the last day of the seven years, for there is no fraction of a day, and after 12 o'clock at night is after the seven years, for the day is not the end of the seven years, but *post expirationem.* For the beginning and end of a thing are parts of a thing. So, if a man were born on the 1st February, and lived to the 31st January, twenty-one years after, and makes his will on that day, and afterwards dies, the will is good and the devisor of age." 2 Lord Raymond, 1096.

There being then no fraction of a day in law, and the statute of 27th March, 1835, having been promulgated and put in force and effect on the 11th day of April, 1835, that day must be included in the computation of the forty days following the promulgation of the act. And if the 11th day of April, 1835, on which the law went into effect, be so included, the forty days contemplated by the statute, ended on the 20th day of May, 1835, at 12 o'clock at night. The 21st day of May was not the end of the forty days, but *post expirationem ;* for the beginning and end of the forty days, are part of the forty days.

The petition and citation in this case were served on 21st May, 1835. The notice was, therefore, given after the expiration of the term prescribed by law. In *Landry* v. *Segond*, 15 La. 157, it was held that a wife cannot, under the act of 1835, retract her renunciation without notifying the party in whose favor the original act of renunciation was made. That, whenever apparent rights exist, and particularly such rights as may become valid and executory after the lapse of time, they cannot be destroyed by the act of one of the parties, without giving notice to the other party of the fact tending to destroy those rights ; that, if this was not the case, a creditor might transfer his rights in good faith to others, and the law might be made a source of litigation. The court, at the same time, intimate that nothing, in the law of 1835, seems to require that the notice should be given by a suit. Indeed, it may well be doubted whether the plaintiff would have pursued a proper course, even if she had instituted her suit within the forty days prescribed by the statute. The property involved in the present case, is situated in Iberville ; the suit is instituted against the defendants in New Orleans. Now, suppose the defendants had sold this property after the 21st April, 1835, to third persons, who had the title thereto carefully examined, and, finding no trace of any retraction of the renunciation in the office of the notary, where the renunciation was made, and no notice in relation to it in any other public office connected with real estate, had, *bonâ fide*, paid a full price for the property, without any knowledge of the pendency of this suit ; would not this suit, if considered due notice, and a retraction of plaintiff's renunciation, operate as a fraud on such innocent third persons, and give rise to that very litigation and insecurity of title, which the law of 1835 intended to guard against ?

The opinion of a majority of the court was pronounced by

SLIDELL, J. In my opinion the service of citation was in time.

" The time required for prescription is reckoned by days, and not by hours ; it is only acquired after the last day allowed by law has elapsed." C. C. 3430.

Thus, the day *ad quem* is included ; but as the article is silent as regards the day *a quo*, we must look to jurisprudence for an answer whether it is to be included or excluded. Whatever difficulty may have existed on this subject in the roman jurisprudence, it seems well settled in France, that the day *a quo* is not included. Troplong. Pres. v. 2, no. 812, gives the following illustration : " Ainsi donc, supposons qu'une obligation ait été consentie le 31 mars 1804 : la prescription prenant son point de départ le 1 avril, sera acquise le 31 mars 1834 à minuit, et le lendemain 1er avril, aucune interruption ne sera pas admissible." Rogron commenting on articles 2260 and 2261 of Napoléon Code, which correspond to the article of our Code above cited, gives the following illustration : " Ainsi j'ai acheté le 1er novembre 1824, à midi, un fonds d'une personne qui n'en est pas propriétaire ; je ne l'aurai prescrit par dix ans que le 1er novembre 1834, à

minuit. En d'àutres termes le jour *a qao*, c'est-à-dire celui ou le terme com- <span>De Armas</span>
mence, n'est pas compris, mais le jour *ad quem*, c'est-à-dire celui ou le terme <span>*v.*<br>De Armas.</span>
expire y est compris. Dall. An. 1836, II. 164. See also Troplong, Hypothèques,
vol. 1, § 293, where he comments upon article 2109 of the Napoléon Code,
requiring the co-heir, in case of partition, to inscribe his petition in sixty days,
" à dater de l'acte de partage."

Besides, the language of this statute is peculiar : " Shall have the right of
retracting the said renunciations during only the forty days which will *follow* the
promulgation of the present act " — " dans les quarante jours qui suiveront la
promulgation." The day of promulgation cannot be said to follow itself, and
the natural construction of the words, independent of the general jurisprudence
as to prescription, seems to me to require the exclusion of the day of pro-
mulgation.

I think this view is also strongly justified by the analogy of our positive legis-
lation in matters of contract. The Code, in article 2053, declares that : " When
the contract is to do the act in a certain number of days, or in a certain number
of days after the date of the contract, the day of the contract is not included
in the number of days to be counted, and the obligor has until sun-set of the
last day of the number mentioned, for the performance of his contract."

I am, therefore, of opinion that, the plea of prescription should be overruled.

It is, therefore, decreed that, the judgment of the court below be reversed,
that the plea of prescription be overruled, and that this cause be remanded, with
leave to defendants to answer in the cause, and for further proceedings according
to law ; the defendants paying the costs of this appeal.

Eustis, C. J. and King, J., concurred in the foregoing opinion.

Rost, J., dissenting. It is true, as stated by the plaintiff's counsel, that the
act of the 25th March, 1835, was not promulgated on the 10th April, next fol-
lowing. It was only published on that day in the official paper.

The 1st section of the act approved on the 24th March, 1827, provides that
all laws enacted by the legislature of this State shall be considered promulgated
at the place where the seat of government is located. the day after the publica-
tion of such laws in the gazette authorized to publish the laws of the State.
As soon as the 10th day of April expired, the act under consideration was pro-
mulgated and in force, and had it been a penal statute, any offence against it
after that instant of time would have been punishble under it. The act was in
force on the 11th of April, and that day must be included in the computation
of the forty days following the promulgation.

The argument of counsel assumes that married women have the right of re-
tracting their renunciations during the forty days which will follow the day of
the promulgation of the act. But the statute says that, the forty days shall run
from its promulgation, and we have shown that it was promulgated at the in-
stant that the 11th of April commenced.

It is therefore my opinion, that the judgment heretofore rendered in this
case, should remain undisturbed.