YARRUT, Judge.
From a judgment in favor of defendants-app ellees and against plaintiffs-appellants, both on the main demand and in reconvention, this appeal was taken by plaintiffs-appellants and answered only by defendant-appellee, Walko Builders, Inc., praying that the judgment in their favor be increased by allowance of attorneys’ fees as originally prayed for in their reconventional demand.
Plaintiffs sue to recover $3,315, the 10% deposit made on account of the purchase *686 price of an improved immovable in Jefferson Parish, pursuant to a written agreement to purchase from defendant, Walko Builders, Inc., the owners, and then under construction by themselves, which agreement was handled by defendant, Jim Russell, real estate agent, the latter 'having received the 10% deposit of $3,315 on account of the purchase price. Plaintiffs ask judgment for $3,315 against Jim Russell, realtor, as the return of their deposit, with interest and attorney fees. In addition they ask for $3,315, plus interest and attorney fees from Walko Builders, as the “double” penalty provided by the agreement in the case of its default; and an additional $835 as damages for certain plants and shrubbery planted on the property during their temporary occupancy, together with attorney fees, interest and costs.
The District Court dismissed plaintiffs’ main demand, and, rendered judgment against them in favor of defendants, as reconvenors, as prayed, except the claim for attorney’s fees by reconvenor, Jim Russell, realtor, as follows:
$3,315, with legal interest from judicial demand until paid, and $1,105 attorney fees, and all costs, in favor of Walko Builders, Inc., and'in-favor of Jim Russell, realtor, in the sum of $1,576, with legal interest thereon from judicial demand until paid, and all costs. Reconvenor Russell, realtor, answered the appeal for allowance of attorney’s fees. Plaintiffs-appellants moved to dismiss the answer on the ground it was filed too late.
There is no dispute over the contract and its terms. The property involved is located at 509 Celeste Street in Jefferson Parish, La. The purchase price was $33,150, on terms of $17,000 cash and the balance of $16,150 secured by a mortgage loan (without specifying the character of the lending institution or individual) at an annual rate of interest not exceeding 6% per annum and payable over a period of 20 years, in equal monthly installments; the act of sale to be passed on or before August 10, 1957.
The sale was conditioned upon the ability of plaintiffs to obtain a mortgage loan, and the vendor agreed to deliver the house completely air-conditioned, and further subject to the vendor’s ability to obtain the adjoining lot for $6,000, 10 feet of which was to be added to and included in the property sold to plaintiffs.
The sale fell through, each party contending that the other was responsible. The record shows that there was some doubt that the purchasers, not having obtained a commitment from a building and loan association, were, accordingly, not able to finance the mortgage, even though a building and loan association, willing to make the loan, was furnished by vendor. In answer to this, the purchasers showed they had $21,000 in bank, $10,000 in a shoe box in their attic, plus the $3,315 as the 10% deposit. In addition, the attorney for a lending agency, who represented the purchasers, testified he had $30,000 in his safe, which was available to take care of the loan. There is testimony that purchasers were unwilling to go through with the sale, and were looking for any excuse, particularly the exaggeration of the complaints about the unfinished construction.
On the other hand, the record is clear that in many respects the structure was not complete on the day the sale was to be passed; the air-conditioning was not in order, and other items needed correction. The principal default charged against vendor was its inability to deliver title on the date fixed to the 10 feet of the adjoining lot. Vendor admits it only had an option to purchase the ten feet, but contends that, when purchasers indicated they would not take title, it was relieved from its obligation to acquire title to the adjoining lot.
The record also shows that on the eve of the last day the act was to be passed, plaintiffs’ attorney made demand for the passage of title the following day. The attorney for vendor undertook to have the act of sale ready, but through some reason *687 or another, and because of criminations and recriminations, the sale was not concluded.
We are satisfied that both parties were equally responsible for the sale falling through, to wit, the apathy and indifference of the purchasers, and the inability of vendor to deliver title to the additional 10 feet.
. A mere option to buy is not the ownership necessary to deliver title on the terminal date. It is true that one may sell what he does not own, but he must be able to deliver a good and merchantable title when the time for the delivery arrives. See Caplan v. Airport Properties, Inc., 231 La. 1071, 93 So.2d 661; Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118.
While it is generally not necessary to put in formal default one who refuses to perform, or who acknowledges an inability to perform (Fox v. Doll, 221 La. 427, 59 So.2d 443), it was held in Bruno v. Serio, La.App., 50 So.2d 78, that, where realty is involved, the vendor cannot forfeit the deposit made by vendee without putting ven-dee formally in default, with an affirmative tender of title.
We disagree with the Trial Court that the failure to consummate the sale was due solely to purchasers (plaintiffs) but equally to the vendor (defendant, Walko Builders, Inc.), not only because of its inability to deliver title to the 10-foot strip of adjoining property, but also due to the incompleteness of the house. In view of this, the agreement must be considered as breached and terminated by the mutual default of both parties and both restored, inter sese, to the status quo. Coci v. Johness, La.App., 37 So.2d 823.
Hence, plaintiffs are entitled to recover their deposit of $3,315, as against the vendor, but not with respect to defendant-realtor.
With respect to defendant-realtor’s commission of $1,576, payable by either party who is responsible for its breach, that amount is due the realtor (Russell) and must be borne equally by both, since they were equally at fault. Coci v. Johness, supra.
Regarding the motion to dismiss defendant-realtor’s answer to the appeal for an amendment of his judgment to include attorneys' fees, on the ground his answer to the appeal was not filed within 15 days after the lodging of the record, as provided by Art. 2133 of the new LSA-Code of Civil Procedure, but within three days prior to the fixing of the case for argument, as provided by Art. 890 of the old Code of Practice, the facts are these:
The appellants lodged their appeal in September, 1960. Under the Code of Practice then in effect, an answer to an appeal had to be filed within three days of the hearing (fixed herein on April 27, 1961). The new Code of Civil Procedure became effective January 1, 1961. It is apparent to us that the intention of the new Code of Civil Procedure was not to cut off any rights under the procedural law obtaining prior to its effective date of January 1, 1961.
Sec. 4 of Act 15 of the Regular Session of 1960, adopting the new Code of Civil Procedure, as appears in West’s LSA Civil Procedure, Vol. 1, p. 748, provides:
“(A) This act is hereby declared to be remedial legislation.
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings:
“(1) Instituted on or after the effective date of this act; and
“(2) Pending on the effective date of this act, except that none of the provisions thereof shall:
“(a) Decrease or shorten any procedural delay granted or allowed by *688 any law in existence immediately prior to, and which had commenced to run but had not yet completely elapsed on, the effective date of this act; or
“(b) Affect the validity or change the legal effect of any judicial, official, or procedural act done or attempted, or of any failure to act, prior to the effective date of this act in any civil action or proceeding, including but not limited to any: citation, writ, mandate, summons, subpoena, notice, or other process issued or served; pleading filed; security furnished; oral motion made; testimony taken, by deposition or otherwise; evidence introduced or offered; ruling made by the court; order or judgment rendered; appeal taken or requested; execution of any judgment, writ, or mandate; seizure made by the sheriff or other executive officer of a court; publication of a judicial notice or advertisement; or judicial sale, whether actually completed or not.”
This language applies here since the appellee-realtor, in answering the appeal, could not be expected to have filed an answer within IS days of the lodging in September, 1960, when the new Code was not in effect. The motion to dismiss'appellee-realtor’s answer to the appeal is not well-founded, and is dismissed.
For the reasons assigned, the judgment of the District Court, both on the main demand and in reconvention, is set aside; and
It is now ordered, adjudged and decreed, that there be judgment in favor of plaintiffs, Mrs. Lucille Boudreaux, wife of Lionel C. Radecker, and Lionel C. Radecker, and against defendant-realtor, Jim Russell, for the return of the 10% deposit' of $3,315, less $788, half of the agent’s commission, plus 20% attorney fees thereon, amounting to $157.60, or a total of $945.60, or a net judgment in favor of plaintiffs against defendant-realtor in the sum of $2,369.40, with legal interest from the finality of this judgment until paid, each party to bear their own costs.
It is further ordered, adjudged and decreed, that there be reserved to defendant-realtor, Jim Russell, any claim he may wish to assert against Walko Builders, Inc, for the latter’s virile share of the agent’s commission, plus attorney fees.
Affirmed in part, reversed in part and rendered.