PER CURIAM.
The appellees herein have moved to dismiss the devolutive appeal taken by plaintiff on the ground that it was applied for by motion in the lower court at a term subsequent to that at which the judgment was rendered and that citation of appeal was neither prayed for, issued, nor served upon appellees. The transcript shows that appellant’s suit was dismissed by judgment rendered on March 10, 1960, and signed March 16, 1960. It was not until October 11, 1960, that plaintiff took his devolutive appeal. This was at a term of court subsequent to that at which the judgment had been rendered and signed. The appellant filed a motion in open court for the appeal and was granted an order making the appeal returnable to this court on November 10, *180 1960. He failed to pray for or to obtain order for citation of appeal on appellees and, of course, none was served.
Under the circumstances, the omission to pray for citation of appeal or to have the appellees cited is fatal and the appeal must fall. There was no requirement in the then prevailing Code of Practice or the jurisprudence that a motion to dismiss an appeal on the ground there was no citation must be made within three days from the date of lodging of the transcript. The motion before us is not one which need be filed within such delay. Gaines v. B. Bennett Company, Inc., La.App., 92 So.2d 397; Haydel v. Major, La.App., 19 So.2d 628.
Appellant makes the contention that under Art. 2161, LSA-C.C.P., a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record of appeal is lodged in the appellate court, whichever is later. His argument is that these provisions of the new code are retroactive, and whereas appellees did not file their motion to dismiss in this court until June 19, 1961, their motion is ineffective. There is no validity in the position taken by the appellant. The provisions of the Code of Civil Procedure became effective January 1, 1961. It is true this was remedial legislation, but its intention was not to cut off any rights under the procedural law which had obtained prior to its effective date as will be seen by Sec. 4, p. 748, Vol. II of Act IS of the Regular Session of 1960, which act adopted the new Code of Civil Procedure. Sec. 4(B) (2) and 4(B) (2) (a) provide none of the provisions of the code shall:
“Decrease or shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had commenced to run but had not yet completely elapsed on, the effective date of this act; * * *”
See Radecker v. Walko Builders, Inc., La.App., 130 So.2d 684.
Therefore, under the law prevailing prior to the advent of the Code of Civil Procedure, appellees could have filed their motion to dismiss at any time, and were we to hold that the provisions of the new code are retroactive and applicable relative to the time for filing the motion, the delay for doing so would be decreased and shortened, and this would be directly in the teeth of the prohibition contained in the legislation adopting the new code as stated above.
The motion is sustained and the appeal is dismissed.
Motion sustained; appeal dismissed.