282 So.2d 585 (1973)
INSURANCE COMPANY OF NORTH AMERICA
v.
James C. DAVIDSON, Jr., and James C. Davidson, III.
No. 5436.
Court of Appeal of Louisiana, Fourth Circuit.
August 21, 1973.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for plaintiff-appellant.
Windhorst, Heisler, De Laup & Wysocki, Henry L. Klein, Frederick P. Heisler, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and BAILES, JJ.
REDMANN, Judge.
An employee's fidelity bond surety appeals from the dismissal, on exception of no cause of action, of its claim against the payee (and his father) of a corporate *586 check forged by the employee but honored by the drawee bank and charged by it against the corporation. We affirm.
The petition alleges the employee forged the check on a Mississippi bank as payment for a car bought from the payee "or his father"; that the check was deposited to the payee's account and the proceeds used by payee or father. The petition alleges negligence by defendants in accepting the corporate check when dealing with an individual (and the conclusion that they "knew or should have known from the surrounding circumstances" that the check was a forgery). It further alleges that plaintiff paid the corporation the amount of the check and was subrogated to the corporation's rights. It does not recite the circumstances of the bank's honoring the check and of the corporation's not rejecting it as a forgery.
While facts pleaded are accepted as true on an exception of no cause of action, conclusions are not. Plaintiff concludes that defendants knew of the forgery from the mere circumstance that a corporate check was given to pay for a car (presumably) being purchased by an individual. That fact does not warrant that conclusion. We therefore find no acceptable allegation of any bad faith on defendants' part, in taking the corporate check for value.
Under rudimentary contract rules, the depositor's account could not have been charged the amount of the forged check because the deposit was payable only on the depositor's and not a forger's order. The bank might have recovered from the payee because the payment of the check was a mistake. Thus as between bank and depositor the loss was the bank's and as between bank and payee the loss might have been the payee's.
But Price v. Neal, 97 Eng.Rep. 811 (1762), long ago decided that the acceptor of a bill should know its drawer's signature and therefore should bear the loss rather than an innocent payee. That principle became part of the N.I.L., § 62 (La. R.S. 7:62), which declares that the acceptor "admits" the genuineness of the drawer's signature.
Similarly, legislatures have been persuaded (perhaps on the theory that the depositor should know his signature even better than the bank should) that, as between bank and depositor the depositor should bear the loss, unless he promptly after receipt of his cancelled checks notifies the bank of the forgery. See, e. g., La.R.S. 6:53.
The results today are that unless liability is founded on some other basis, (1) the bank cannot recover from the payee, Security State Bank and Trust Co. v. First National Bank, 199 So. 472 (La. App.1941), and (2) the depositor cannot recover from the bank, William M. Barret, Inc. v. First National Bank, 191 La. 945, 186 So. 741 (1939).
The plaintiff here apparently seeks to avoid the loss (or presumed loss) resulting from the unenforceability, La.R.S. 6:53 (or similar Mississippi law), of the bank's liability (of debt arising from the deposit, Victory Elec. Works, Inc. v. Maryland Cas. Co., La.App. 1970, 230 So.2d 287, writ refused 255 La. 814, 233 So.2d 251), by recovering from the payee.
No recovery is available on a theory of subrogation to the bank's claim, since the bank has no claim against the payee because of N.I.L. § 62.
The petition certainly does not state a cause of action for fraud. The payee's unassailed good faith and for value status equally prevents construing the petition to state a tort claim (in reference to which concepts such as contributory negligence and perhaps last clear chance seem relevant).
Plaintiff's theory of "payment of a thing not due", C.C. art. 2301, is rejected because, as between bank and (good faith for value) payee the money was due, N.I.L. § *587 62, and it was not plaintiff's subrogor's "money" that was paid to defendants. Had the depositor immediately reported the forgery, the bank's error in charging the forged check to plaintiff would have been rectified by the bank (or at any rate its liability towards the depositor would have continued undiminished): the money the bank paid was its own, although through the depositor's failure to meet the requirement of (the presumed Mississippi equivalent of) R.S. 6:53 the bank may have become able to charge that money to the depositor.
The judgment is affirmed.