HOOD, Judge.
Plaintiff, Lawrence J. Tylock, instituted this suit originally to recover the sum of $88,000.00 from Kenneth Perry, Sr. He later filed a supplemental and amending petition seeking to recover the additional sum of $5,100.00 from Preston J. Miller, III. Defendant Miller filed an exception of no right and no cause of action. Judgment was rendered by the trial court sustaining that exception and dismissing the suit as to Miller. Plaintiff appealed.
The issues presented are whether plaintiff has a right of action against defendant Preston J. Miller, III, or whether he has alleged a cause of action against that defendant.
Miller contends that Tylock is seeking to recover on a debt which he alleges is owed by Miller to a corporation, Perry & Tylock, Inc., of which plaintiff is a minority stockholder. He argues that Tylock, individually, has no right of action against him for that alleged debt, but that that right belongs exclusively to the corporation. Plaintiff argues that the action was brought “in the name of the corporation,” because he alleged in his original petition that he appeared “individually, and as a shareholder of, and on behalf of Perry & Tylock, Inc.”
In all of the pleadings filed by plaintiff, he demands that judgment be rendered solely in his favor. He does not pray for judgment in favor of the corporation. Our interpretation of the pleadings is that plaintiff is seeking to recover, individually, from defendants, and we feel that he has no right to do so, either as an individual or as a shareholder. We have concluded, however, that plaintiff has failed to state a cause of action against Miller, whether the suit was instituted in behalf of the corporation or by Tylock, individually, and that for that reason it is unnecessary for us to consider the issues presented by the exception of no right of action.
For the purpose of determining the issues raised by the exception of no cause of action, all well pleaded allegations of fact contained in plaintiff’s petition must be accepted as true. Manuel v. Moity, 313 So.2d 278 (La.App. 3 Cir. 1975).
The facts, as alleged by plaintiff, are that Tylock owns forty-nine percent of the stock of the corporation known as Perry. & Tyl-ock, Inc. Defendant Perry is an officer of that corporation. On or about May 27, 1975, the corporation borrowed approximately $13,000.00 from Guaranty Bank and Trust Company, pledging as collateral security for the repayment of that loan “a contract with Tenneco Oil Company.”
The proceeds of the above loan were deposited to the account of Perry &. Tylock, Inc., in the above bank, and thereafter those funds were withdrawn and disbursed by defendant Perry. According to the pleadings, those funds were disbursed for purposes which had not been authorized by the loan agreement or by the corporation, and the corporation failed to receive the benefits of the $13,000.00 loan. Plaintiff asserts that as a result of those disbursements no funds were left to perform the corporation’s obligations under the above contract, that the corporation has ceased to do business, and that plaintiff “has been forced to personally obligate himself to make payment to the bank.” There are no allegations to the effect that plaintiff actually has paid any amount to the bank.
Tylock alleges in his supplemental and amending petition that on or about May 27, 1975, a check for $5,100.00 was issued by Perry & Tylock, Inc., to defendant Preston *1001 J. Miller, III, and that “said funds were transmitted in payment of a debt of Kenneth Perry, Sr.” He also alleges:
“That made defendant is PRESTON J. MILLER, III, domiciled in Vermilion Parish, Louisiana, who knew or should have known that the $5,100.00 he received was not in payment for labor or material to be used in the construction contract for which the loan from the Guaranty Bank had been received by Perry & Tylock, Inc.”. •
On the basis of the above allegations, plaintiff prays for judgment in his favor and against defendant Perry for the sum of $88,000.00, which includes the proceeds of the $13,000.00 loan and $75,000.00 as damages. He also demands judgment in his favor and against defendant Miller for the additional sum of $5,100.00, being the amount which allegedly was received by that defendant from corporation funds.
The trial judge rendered judgment sustaining an exception of no right and no cause of action filed by Miller and dismissing the suit as to that defendant. It is that judgment which is before us on this appeal.
We are not concerned here with the question of whether plaintiff may recover from Perry or from a corporation, or whether plaintiff, as a stockholder, may maintain an action in behalf of the corporation known as Perry & Tylock, Inc. The sole question presented is whether plaintiff, either individually or in behalf of the above corporation, may recover from Miller the amount which allegedly was paid to Miller from corporate funds.
Plaintiff points out that LSA-R.S. 14:69 makes it a criminal offense to receive stolen things “under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.” He contends that the funds which were paid to Miller were “stolen things,” and that Miller should be compelled to return them to the rightful owner. He also argues that Miller was unjustly enriched by the payment, and that he should be made to restore the amount he received under LSA-C.C. art. 2301.
Plaintiff does not allege or contend that Miller knew or had reason to believe that the funds paid to him had been stolen or misappropriated. He, in fact, states in his written brief that “it is not argued nor contended that the defendant-appellee Miller was at any time in bad faith prior to the time that he learned the money had been misappropriated from the corporation Perry & Tylock, Inc.” He contends only that Miller is now in bad faith, because he has since learned that he is holding “a thing which he knows was wrongfully obtained from another, and that he is in bad faith in refusing to return it to the rightful owner.”
Since plaintiff does not allege that Miller was in bad faith when he received the $5,100.00 payment, we assume for the purpose of the exceptions which are before us that he was in good faith.
LSA-C.C. art. 2301 provides that “He who receives what is not due him, whether he receives it through error or knowingly, obliges himself to restore jt to him from whom he has unduly received it.” Plaintiff contends that under the provisions of that article defendant Miller is obliged to restore the payment to plaintiff.
Miller contends that the $5,100.00 check was issued in payment of a debt which was owed to him by Perry, that Miller thus did not recover something which was not due him, and that he was in good faith in accepting that payment. The allegations in plaintiff’s pleadings support that contention.
In Evangeline Iron Works v. Lyons, 233 La. 307, 96 So.2d 578 (1957), the plaintiff corporation sued to recover sums of money which had been paid to defendant Smith from misappropriated corporate funds. The checks were cashed by Smith in good faith, for full value, and without knowledge of any defalcation. The plaintiff relied on LSA-C.C. art. 2301 as one ground for the relief it sought. Its demands were rejected on other grounds, but with reference to *1002 that article of the Civil Code the Supreme Court said:
“ . . . Article 2301 must be read and considered together with the negotiable instrument law of this state — particularly R.S. 7-52 and R.S. 9:3804 et seq.— and plaintiff still cannot recover under the facts of this case.”
In Insurance Company of North America v. Davidson, 282 So.2d 585 (La.App. 4 Cir. 1973), the surety on a fidelity bond sued the payees of a forged check of a corporation, which check had been honored by the drawee bank. The court, in sustaining an exception of no cause of action filed by defendants, found that there was “no acceptable allegation of any bad faith on defendants’ part in taking the corporate check for value.” It held that under those circumstances the plaintiff could not recover from the payees on the theory of “payment of a thing not due,” under LSA-C.C. art. 2301.
According to plaintiff’s pleadings, the payment which was made to Miller in the instant suit was to satisfy a debt which was owed to him by Perry. Miller thus did not receive something which was not due him. The check was not forged, but instead it was signed by an officer who had authority to make withdrawals from the account of the corporation. Miller accepted and cashed the check in good faith, and the check obviously was honored by the drawee bank. Under those circumstances we agree with the trial judge that plaintiff’s pleadings fail to state a cause of action against defendant Miller.
We find no merit to plaintiff’s argument that he has alleged “particular damages by the illegal transfer of funds, since he has endorsed the note and is made to pay the money back to the bank. . . . ” Plaintiff does not allege that he actually has paid the debt to the bank, but even if he had made that payment and suffered such a loss, he would have no cause of action against Miller, who received and cashed a valid check from the corporation, in good faith and for value.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.