GAUDIN, Judge.
Plaintiff, Bernard R. Acosta, alleging invasion of privacy and breach of contract, filed the instant suit against several defendants. Before us now is an appeal from a dismissal by summary judgment of one of the defendants, Employers Mutual of Wau-sau, incorrectly named initially as Employees Insurance of Wausau. We affirm the trial judge’s action.
The facts are these:
On June 10,1971, Wausau had Mr. Acosta examined by Dr. George R. Cary, Jr. in connection with a workmen’s compensation claim.
Upon receipt of a report, Wausau compensated the physician and his services were completed.
In February, 1976, while Mr. Acosta was employed by Kaiser Aluminum and Chemical Company, he sustained another injury and was examined, ironically, again by Dr. Cary.
Following this examination, Dr. Cary forwarded medical data to Kaiser, including a copy of his June 10, 1971 report. This allegedly caused Mr. Acosta to be dismissed from his job.
Mr. Acosta contends that a master-servant relationship existed between Wausau and Dr. Cary, and that Wausau had the power and duty to restrict dissemination of the 1971 report.
However, Louisiana jurisprudence has long recognized the status of the doctor as an independent contractor and has severely limited the vicarious liability of his principal. See Dowling v. Mutual Life Insurance Co. of New York, La.App., 168 So.2d 107, and Ford v. Louisiana & A. Ry. Co., La.App., 196 So. 403.
In Dowling, a 1964 Fourth Circuit Court of Appeal decision, a physician was retained by an insurance company to examine one of its insureds. Alleging .that the doctor did not inform him of various medical findings, the insured sued the company.
We held that the physician’s relationship to the company was “. . . one of contract, or engagement to render a service as an independent contractor.”[1] and we affirmed the district court’s sustaining of exceptions of no right or cause of action, which dismissed the company from the case.
If Dr. Cary was an independent contractor, as indeed he was, we cannot hold Wau-sau answerable for Dr. Cary’s actions.
Wausau was properly dismissed via summary judgment.

AFFIRMED.

. Dowling v. Mutual Life Insurance Co. of New York, La.App., 168 So.2d 107, at page 111.