363 So.2d 1270 (1978)
Leighton LOTT
v.
T. J. HALEY, M. D. and J. Ray McDermott Company.
No. 9381.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
*1271 Monroe & Lemann, Andrew P. Carter, David E. Walker, Alvin J. Bordelon, Jr., New Orleans, for Leighton Lott, plaintiff-appellant.
G. Bruce Kuehne and John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for J. Ray McDermott Co., defendant-appellee.
*1272 Robert D. Bjork, Jr., Adams & Reese, New Orleans, for T. J. Haley, M. D., and Aetna Casualty and Surety Co., defendants-appellees.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Leighton Lott is a deep-sea diver who sues for damages because of his inability to pursue his occupation, allegedly caused by the negligent conduct of his former employer, J. Ray McDermott Co. and its examining physician Dr. T. J. Haley.
The basis of the suit is that he had been examined by Dr. Haley in 1972 at the request of McDermott to determine fitness for employment, and advised, following the examination, that he was fit to continue diving. He did so for a period of approximately four years after the examination. He first learned in 1976 that he was afflicted with osteonecrosis, a disease common to deep-sea divers. He contends that the disease was present at the time of his original examination, that he was not informed of its presence, and that his continued diving through the period of the last four years caused the disease to progress past the point of cure.
Both defendants filed exceptions. McDermott filed an exception of no cause of action, while Dr. Haley filed an exception of prescription. The trial judge sustained both exceptions, dismissing the suit as to both defendants. From this judgment, Lott took this appeal.

I. The Exception of Prescription
The exception of prescription filed by Dr. Haley is based upon LSA-R.S. 9:5628:
"§ 5628. Actions for medical malpractice.
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
"B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Added by Acts 1975, No. 808, § 1. Amended by Acts 1976, No. 214, § 1."
Under this statute plaintiff's suit has prescribed because filed more than 3 years from date of alleged neglect.
The only question is whether the statute passed by the Legislature in 1975 should be applied to this 1972 occurrence. Appellant argues that, since the effective date of the statute was after the examination at which the alleged negligence occurred, the former law of prescription should apply. We affirm the ruling of the trial judge that the present law applies.
At the time of alleged neglect, the pertinent prescriptive periods were codal and jurisprudential. Civil Code Article 3536 provides in pertinent part as follows:
"The following actions are also prescribed by one year:
"That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses of quasi offenses."
* * * * * *
The jurisprudence, however, construed this statute to mean that the one year period only began to run from the date on which the injured party had actual or constructive knowledge of the offense. Duhon v. Saloom, 323 So.2d 202 (La.App. 3rd Cir. 1975) writ refused, 325 So.2d 794 (La.1976); citing Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970); Marguette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958).
*1273 It is well settled in Louisiana that statutes of prescription are remedial statutes. Succession of Harz, 181 So.2d 272 (La.App. 4th Cir. 1965); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943). Because of this classification, courts have normally held that these statutes are applicable to all actions instituted after they became effective even though the cause of action arose, or the facts giving rise to the cause arose, before the statute was enacted. State v. Alden Mills, supra; Dowie v. Becker, 149 La. 160, 88 So. 777 (1921).
The above jurisprudence leads us to the conclusion that appellant's action has prescribed. The clear, legislative policy that the possible liability of doctors is not to exceed a three year period from the date of the occurrence cannot be ignored by applying a jurisprudential rule to the contrary which existed before the recent statute. It is true that in some cases, see for example Alden Mills, supra, the court found it necessary to provide a reasonable time for the aggrieved party to seek his remedy to avoid the harsh effect of the application of a remedial statute. Even if we were to grant this reasonable time here, however, we feel that appellant's time has elapsed since he did not file suit until 18 months after the effective date of the statute. He learned of the alleged injury, on the other hand, only six months after the statute.
We are mindful of the recent decision of the First Circuit in Henson v. St. Paul Fire & Marine Insurance Company, 354 So.2d 612, (La.App. 1st Cir. 1977). In that case, the court found that the governing rule in cases of this type was the rule of "proportionate prescription", under which the time that has elapsed before the change in law is reckoned according to the former law and the time after according to the new law. This rule was last applied in the 19th Century and we feel that it has been superceded by the modern rules on remedial statutes found in the cases cited above. We also note that the Louisiana Supreme Court granted writs on this case on March 31, 1978.
Appellant also argued that a retrospective application of this statute would impair a pre-existing right and, therefore, would be unconstitutional. It is well established, however, that prescriptive statutes do not extinguish rights, they merely bar recovery. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). This is far different from a peremptive statute which divests the plaintiff of his cause of action. If appellee had failed to plead prescription, for example, this case would have proceeded to conclusion without the court applying the plea. If the statute had been peremptive, on the other hand, the action would not have been entertained regardless of the actions of appellee, since the cause of action did not exist. Guillory v. Avoyelles Railway Company, 104 La. 11, 28 So. 899 (1900) and Civil Code Article 3463.

II. The Exception of No Cause of Action
Appellee J. Ray McDermott bases its exception of no cause of action upon the fact that no recovery can be had from the company since Dr. Haley was not acting as the "servant" of the company. Appellant contends that McDermott "knew or should have known" of the affliction, and that, therefore, a cause of action has been pleaded and recovery can be had.
It is clear that a principal is not liable for the negligent conduct of a non-servant agent performed in the course of the principal's business. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Carmouche v. Eserman, 259 So.2d 600 (La.App. 4th Cir. 1972). Nor is a principal liable for the acts of an independent contractor. Crutti v. Frank, 146 So.2d 474 (La.App. 4th Cir. 1962); Trapani v. Parish of Jefferson, 180 So.2d 850 (La.App. 4th Cir. 1965). The status is usually decided upon the issue of control.
An employer is hardly in a position to control the acts of a hired professional such as a doctor. This court has previously decided, in Dowling v. Mutual Insurance Company of New York, 168 So.2d 107 (La. App. 4th Cir. 1964), that an insurance company *1274 is not liable for the negligence of a physician who examines the person for that insurance company. The court there found that the physician was not subject to control regarding details of performance and that therefore the physician was an independent contractor. We feel that this reasoning also applies here.
Appellant argues that his allegations that appellee "knew or should have known" that appellant suffered from a disease constitutes a cause of action. Conclusions, however, are not considered to be true for the purposes of an exception of no cause of action. Well pleaded facts are accepted to be true but petitioner cannot rely upon these stated conclusions to state his cause of action. Insurance Company of North America v. Davidson, 282 So.2d 585 (La.App. 4th Cir. 1973); Leatherman v. Parish of East Baton Rouge, 275 So.2d 806 (La.App. 1st Cir. 1972).
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.