503 So.2d 85 (1987)
Deloches Ducote, Wife of/and Annis DUCOTE, Sr.
v.
Dr. Matthew ALBERT, Dr. Russell Levy and Dr. G. Gregory Gidman.
No. 86-CA-590.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Rehearing Denied March 17, 1987.
Writ Granted May 29, 1987.
Donna S. Cummings, Cummings & Cummings, New Orleans, for plaintiffs-appellants.
William F. Bologna, Habans & Bologna, New Orleans, for defendants-appellees.
Before CHEHARDY, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiffs, Annis Ducote and his wife, alleging medical malpractice, filed the instant suit against defendant, Dr. Mathew Albert. Before us now is an appeal from a dismissal by summary judgment.
The facts are:
On July 18, 1984, Mr. Ducote injured his left hand while working at the American Cyanamid Plant in Waggaman, Louisiana. He was treated for a sprain by Dr. Albert, the plant physician, and told to return to work. A week later Mr. Ducote's injury had worsened such that he was referred to another doctor. Ultimately, it was determined *86 that Mr. Ducote had suffered torn ligaments.
It is alleged that because of Dr. Albert's initial negligence in treatment and misdiagnosis that Mr. Ducote's hand injury progressed to such an extent that he is now permanently disabled and in constant pain, which resulted in this action for malpractice. Dr. Albert excepted to Mr. Ducote's action on the ground that as his co-employee, Mr. Ducote's exclusive remedy is for worker's compensation, LSA-R.S. 23:1032. The deposition of Dr. Albert in which he testified that he was a full-time employee of American Cyanamid was produced in support of this exception, which was then converted into motion for summary judgment.
The trial court ordered summary judgment for Dr. Albert, apparently finding that as Mr. Ducote's co-employee, Dr. Albert was protected from the action for medical malpractice.
The issue before us is whether the trial court correctly granted summary judgment for Dr. Albert.
Summary judgment should be granted if, and only if, there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Even if there is no genuine issue of material fact, summary judgment is improper if the mover is not entitled to judgment as a matter of law. Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2 Cir.1983).
On appeal, Mr. and Mrs. Ducote argue that the trial court erred in granting summary judgment for Dr. Albert. They contend that although Dr. Albert was an employee of American Cyanamid, his status was that of independent contractor making him susceptible to their action for medical malpractice. LSA-R.S. 23:1021(6). Counsel for Dr. Albert denies such status, again asserting that the co-employee relationship between the parties protects Dr. Albert from the action for medical malpractice.
Louisiana jurisprudence has long recognized the status of the doctor as an independent contractor. Ford v. Louisiana and A. Ry. Co., 196 So. 403 (La.App. 2 Cir.1940); Dowling v. Mutual Life Insurance Co. of New York, 168 So.2d 107 (La. App. 4 Cir.1964) writ refused 247 La. 248, 170 So.2d 508; Acosta v. Cary, 357 So.2d 1345 (La.App. 4 Cir.1978). The status is usually decided upon the issue of control by the employer. The reasoning is that an employer is hardly in a position to control the acts of a hired professional such as a doctor. Lott v. Haley, 363 So.2d 1270 (La.App. 4 Cir.1978) writ denied 364 So.2d 1039.
In Lott, supra, the employer and its company physician were sued in damages for the plaintiff's inability to pursue his occupation, which was caused by the physician's negligent examination. The court held that the employer was not liable since the physician was not subject to control regarding details of his work and therefore was an independent contractor. (The action against the physician was held barred by prescription.) We feel this reasoning also applies here.
Dr. Albert was an independent contractor, personally liable for any alleged negligent medical treatment.
We hold, therefore, that the trial court was incorrect in maintaining summary judgment for Dr. Albert, and that summary judgment was incorrect as a matter of law. Accordingly, the judgment below is reversed. The motion for summary judgment is denied, and this case is remanded for further proceedings. All costs of this appeal are assessed against appellee.[1]
REVERSED AND REMANDED.
NOTES
[1] In his appellee's brief, counsel for the defendant, Dr. Albert, suggested his death but did not support this suggestion by affidavit or other evidence. Although proceedings would have been suspended to authorize the substitution of parties for the deceased to be made, in the absence of any further support other than counsel's mere suggestion in his appellee's brief, proceedings will not be suspended. See, Hawkins v. Dortest, 3 La.Ann. 547 (1848).