ST. PAUL, J.
Plaintiff alleged that while in the employ of defendant, logging and lumbering in the swamps, he was severely injured through the alleged negligence of one of defendant’s foremen; wherefore he prayed for damages.
Defendant joined issue, and thereafter plaintiff amended his petition by alleging that he believed that his claim arose under the workmen’s compensation statute; wherefore he prayed for compensation under said statute, and only in the alternative for damages.
The original demand was made within a year, but the amended petition was filed only a year and three days after the occurrence; whereupon defendant pleaded the prescription of one year under the statute.
I.
We think the district judge erred in sustaining the plea of prescription, and that the Court of Appeal properly overruled it, as the original demand interrupted prescription.
In that original demand plaintiff set up all the facts necessary to show that he had *813 some claim under the workmen’s compensation law. It is true that he erred in the measure of his claim, but he showed an unmistakable intention to claim his dues, whatever that might be, and this we think was sufficient to interrupt prescription.
In Vernon v. Illinois Central R. Co., 97 South. 493, ante, p. 370, this court said:
“A citation to defendant, even though insufficient to support a judgment, will yet suffice to interrupt prescription, if it serve to notify such defendant of the nature and grounds of plaintiff’s claim and that plaintiff means to assert the same.”
And the court cited, in support thereof, inter alia, Succession of Winn, 27 La. Ann. 687, wherein it was held that a rule on an executrix to file an account, if she had not sufficient funds to pay a claim, interrupted prescription as to such claim.
II.
‘ The above view applies to all claims generally; but, with special reference to.claims under the workmen’s compensation law, this court has held that, in view of the express provisions of the statute that amendments might be allowed at any time and that the technical and formal rules of procedure should not prevail in cases arising under the statute (Act 20 of 1914, § 19, pars. 2 and 4), amendments might* be allowed even by the Supreme Court itself, and that no informality in the manner of bringing the suit would operate to prevent the usual interruption of prescription by the filing of the claim. See Whittington v. La. Sawmill Co., 142 La. 322, 76 South. 754; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 South. 25.
And in Colorado v. Johnson Iron Works, 146 La. 68, 83 South. 381, wherein this court held that a petition which claimed damages under a general statute, but challenged the constitutionality of, and repudiated the workmen’s compensation statute, showed no cause of action under the latter statute, this court nevertheless affirmed the judgment of the lower court which reserved the right of the plaintiff to proceed anew under the statute.
From the foregoing it is clear that this court has put itself of'record as meaning to carry out liberally the provisions of the workmen’s compensation law, the manifest intent and spirit of which is that no injured workman, who promptly and seriously claims compensation, shall be deprived of the compensation due him by any technical or formal or strained construction of that statute.
Accordingly, in Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549, this court held that a petition which stated - “the nature of the dispute and the contention of the petitioner with reference thereto” was sufficient to state a cause of action under the statute. And we are therefore clearly of opinion that such a petition will, in any event, suffice to interrupt prescription against an action under the statute.
III.
We find, however, that the Court of Appeal, in overruling the plea of prescription, also overruled certain other exceptions which had not been passed upon by the lower court and were therefore not before the Court of Appeal. This was done perhaps inadvertently, and does not appear to have been noticed by either party. But we think it proper to correct their decree in that particular. Under the circumstances, however, we leave the relator to bear the costs of this court. Act 229 of 1910, § 2.
Decree.
It is therefore ordered that the judgment of the Court of Appeal be amended by striking therefrom so much thereof as overrules the exceptions of no cause of action and misjoinder of causes of action, and that said judgment be affirmed in so far as it overrules the plea of prescription and remands the case for further proceedings according to law, .the relator to pay the costs of this court *816 and of the Court of Appeal, and the costs of the district court to await the final judgment in the case.
Rehearing refused by Division B, composed of DAWKINS, LAND and LECHE, JJ.