No. 10,150
Orleans

---

JOHN F. KOERNER & CO. v. B. C. FRANCINGUES, Appellant

---

(November 2, 1925, Opinion and Decree)
(November 16, 1925, Rehearing Refused)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Courts—Par. 89.**
The city courts for the Parish of Orleans have no jurisdiction of a claim in compensation exceeding $300.00 in amount.

Appeal from First City Court, Hon. W. V. Seeber, Judge.

This is a suit for the price of flour sold and delivered.

There was an exception of vagueness filed by defendant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Eugene Thorpe, Hugh Morrison, of New Orleans, attorneys for plaintiff, appellees.

Geo. J. Untereiner, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for the price of flour sold and delivered.

The plaintiffs allege that in September and October, 1924, they sold to the defendant flour to the amount of $308.25 on account of which there has been deducted $25.00, leaving a balance due of $283.25.

The defendant excepted that the petition was vague and indefinite and disclosed no cause of action, and denied all the allegations of the petition.

Further answering, defendant averred that he purchased flour from the plaintiff in this cause, but he is not liable to plaintiff therefor, "because plaintiff is indebted unto this defendant in the full sum of $388.00, being the difference of the total price of 210 barrels of flour which the defendant purchased from plaintiff on or about September 10, 1924, at $5.90 per barrel, which plaintiff refused to deliver to defendant, thereby compelling this defendant to purchase 210 barrels of flour at $7.70 per barrel for use in the place and stead of the flour he had purchased from plaintiff who refused, though put in default in the mode and manner required by law, so much of which amount defend in compensation as may be necessary to offset plaintiff claim". o

Wherefore defendant prayed that plaintiff's suit be dismissed.

There was judgment in favor of plaintiffs as prayed for, "reserving all rights to defendant to proceed in another action under his plea of compensation".

The defendant appealed.

Upon the trial of the case the defendant, examined as a witness under the act, testified to the correctness of the bill sued on.

When his counsel attempted to examine him on the demand set forth in his answer, the plaintiff objected:

"First, on the ground that the court had no jurisdiction of any claim in an amount in excess of $300.00.

"Second, because the claim alleged to be set up by defendant is unliquidated, and cannot be set up in compensation as against a liquidated claim."

The objection was maintained, reserving to the defendant any and all rights he may have under said plea in compensation for damages to be brought in another proceeding.

In the case of Arctic Pure Ice Co. vs. Rathe, 3 La. App. 314, October 5, 1925, we decided that the City Court had no jurisdiction of a claim in reconvention in excess of $300.00. The same ruling must be made in a demand in compensation. See also Ross vs. Crockett, 14 La. Ann. 811, 6 R. 427, 24 R. C. L. Sec. 6, p. 796.

But the defendant argues that he is pleading in compensation only "so much of which amount as may be necessary to offset plaintiffs' claim". That is immaterial as this court would have to examine and pass upon a claim in excess of $300.00. If this court decided this claim in compensation only up to $283.25 it might leave undecided the balance of the claim for another court to pass upon. Claims cannot be divided up in this manner.

Judgment affirmed.