### No. 9999

### Orleans

---

### CECILE HOLTHAUS, Appellant, v. THE LANE COTTON MILLS COMPANY

---

(November 2, 1925, Opinion and Decree)
(November 30, 1925, Rehearing Refused)
(February 2, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest — Prescription — Par. 130.**

Until the fact that the injury sustained and sued for under Article 2315, R. C. C., has been actually known by the injured party, prescription, under Articles 3536 and 3537, does not begin to accrue.

2. **Louisiana Digest—Pleading, Par. 62; Master and Servant—Par. 160 (i).**

A petition, appearing on its face as an action ex delicto, which fails either to allege that plaintiff's employment was not governed by Employers' Liability Act or which fails to contain a prayer that, in the alternative, should it be decreed that plaintiff's action is covered by the Employers' Liability Act, relief be granted thereunder; held, insufficient to support a cause of action.

3. **Louisiana Digest—Appeal—Par. 201; Pleading—Par. 54.**

"A total lack of a cause of action may be taken advantage of by exception at any stage of the proceeding, even in the

Supreme Court." Veasey vs. Peters, 142 La. 1012.

Appeal from the Civil District Court of the Parish of Orleans, Division "C". Hon. E. K. Skinner, Judge.

This is an action in tort for damages for physical injuries particularly to the eyes. Defendant filed exceptions no cause of action, vagueness and prescription. The District Court sustained the exception no cause of action.

Plaintiff appealed.

Judgment affirmed.

J. Q. Flynn, of New Orleans, attorney for plaintiff, appellant.

St. Clair Adams and Leslie Moses, of New Orleans, attorneys for defendant, appellee.

BELL, J. This is an action in tort for ten thousand dollars, brought under Article 2315 of the Civil Code. Plaintiff alleges that on August 15, 1921, while employed by defendant in its cotton mills at New Orleans, a belt, attached to the running gear of the machinery, broke, causing a piece of the iron coupling attached to the belt to strike plaintiff in the head; that as a result of such accident plaintiff suffered injuries enumerated in the petition (particularly to her eyes), for which she seeks damages in the amount stated. It is further alleged that the dangerous imperfections of the machinery were well known to defendant. Suit was not filed until September 23, 1924, over three years after the accident. It is charged in the petition that the officers of the defendant corporation conspired with its physicians, who treated plaintiff, to conceal from her the injuries which she had actually sustained; that the effects of this conspiracy continued until May, 1924, when she was advised by physicians which she herself employed that she had really been injured seriously, and was told by her physicians that she had lost her

sight in one eye and would, in all likelihood, lose her sight in the other eye. This charge of conspiracy appears, from argument and brief presented by appellant's counsel, to have been wholly abandoned on appeal. The usual charge of negligence is made against defendant, its servants and agents. Defendant pleaded the following exceptions:

1. "That said petition does not set forth or state a right or cause of action.

2. "That said petition is so vague and indefinite and lacking in specifications of fact that your defendant is unable to safely and properly plead thereto.

3. "That defendant does hereby expressly plead the prescription of one year applicable to suits for personal injury."

Plaintiff has appealed to this court from a judgment of the District Court, reading as follows:

"The exceptions herein filed on September 20, 1924, having been tried and the court considering said exceptions to be well founded, for the reasons orally assigned:

"It is ordered that the exception of prescription of one year be maintained, and that plaintiff's suit be dismissed at her cost."

The phraseology of the judgment just quoted permits of some doubt as to whether the trial court intended to maintain the exception of no cause of action as well as the exception of prescription. Be that as it may, and taking—as we must—the allegations of the petition to be true, for purposes of both exceptions, we are of the opinion, under the ruling made in Jones vs. Texas & Pacific Railroad Company, 125 La. 542, 51 South. 582, that the exception of prescription was improperly maintained. We must be governed by the jurisprudence established in the Jones case, which has not been qualified by subsequent decisions of the ,Supreme Court, not even by that of Reynolds vs. Reiss, 145 La. 155, 81 South. 884, cited in appellee's brief.

Defendant, as appellee, has reasserted and filed in this court, as was done in the District Court, its exception of no cause of action. Had no such exception been pleaded originally, we are of the opinion, after careful examination of the petition before us, that plaintiff, under the facts of her employment, as therein set forth, had no other right of recovery against the defendant than that which might have been accorded her under the Employers' Liability Act of this state (Act 20 of 1914 and its amendments).

The action brought by plaintiff is one ex delicto under Article 2315 of the Civil Code. There are no allegations in the petition that plaintiff's employment was not governed by the Employers' Liability Act, nor is there any prayer found in the petition by which plaintiff has sought to obtain recovery under said Act if the court should decree her action to lie thereunder. It follows, therefore, under the frequent rulings of the Supreme Court, that the petition totally lacks any averments that would support a cause of action. Under such conditions as here noted, it is well established that an exception of no cause of action to such a petition may be filed at any stage of the proceedings, even in the Supreme Court. Veasey vs. Peters, 142 La. 1012, 77 South. 948; State vs. Winehill & Rosenthal, 147 La. 781, 86 South. 181; C. P. 902.

It has been held that where an exception of no cause of action pleaded in the lower court is there overruled, and is not again urged in the appellate court by way of answer to an appeal taken by the plaintiff, the ruling as made by the trial court is final and cannot be reviewed on appeal. Dorsett vs. Thomas, 152 La. 60, 92 South. 734, and authorities cited. The law is that where such an exception is reiterated and pleaded in the appellate court, it will be duly considered.

The contention of defendant is that the petition does not show a cause of action

under Article 2315 of the Civil Code, but that from the allegations of fact found in the petition, it must be taken as a presumption of law that the action, if any, which plaintiff has, arises under the Employers' Liability Act. However, it is contended by appellee, and we find it to be true, that the petition contains no demand whatever for compensation under the Employers' Liability Act. Following a most recent ruling of the Supreme Court made in the case of Labourdette vs. Doullut & Williams Shipbuilding Company, 156 La. 412, 100 South. 547, we cannot supply such a demand nor allow amendment in this proceeding so as to permit plaintiff to bring herself in this suit within the demands which might be pleaded under Act 12 of 1914. In the Labourdette case, as in this case, the action was brought under Article 2315, and an exception of no cause of action was originally filed but overruled by the trial judge. Upon a hearing on the merits, the court, reconsidering the exception, maintained it and dismissed the suit. The judgment of the trial court, however, reserved to plaintiff the right to sue for compensation under the Employers' Liability Act. The Supreme Court, in reviewing the judgment, approved the ruling of the trial court which had maintained the exception, but despite the former pronouncement for liberality of pleadings in suits brought under Act 20 of 1914 (see Lamieux vs. Cousins, 154 La. 811, 98 South. 255), it refused to supply the demand to which plaintiff was apparently entitled under said Act and refused to consider the suit as brought under the Act rather than under Article 2315 of the Civil Code. On this point the court, in the Labourdette case, said:

"In cases governed by the Employers' Liability Act, the rights and remedies of the employee and of his dependents to recover compensation are limited to those prescribed by the Act, and these exclude other rights and remedies. Philps vs. Guy Drilling Co., 143 La. 951, 79 So. 549. In fact, Section 34 of that Act (Act 20 of 1914) provides:

" 'That the rights and remedies herein granted to an employee on account of personal injury for which he is entitled to compensation under this Act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations or otherwise, on account of such injury.'

"See also Paragraph 1, Section 3, Act 38 of 1918.

"Hence, as the presumption is that the employment of the deceased was governed by the provisions of the Employers' Liability Act, so long as that presumption is permitted to remain, it must be considered that plaintiff's claim for damages is excluded from the provisions of Article 2315 of the Civil Code. Hence plaintiff fails to show a cause of action under that article, which, it may be said, is the only law under which he possibly could hope to recover the damages alleged, or any part thereof.

"The next and last question is, can plaintiff recover in this suit under the Employers' Liability Act? In our opinion he cannot. The petition contains no demand for compensation under that Act, and the courts cannot supply such a demand. The prayer for general relief will not answer the purpose of a demand of that nature, resting, as such a demand does, upon principles different from those upon which rests a suit for damages under Article 2315 of the Code. See Colorado vs. Johnson Iron Works, 146 La. 68, 83 South. 381. In fact, plaintiff has not even suggested that he cares to sue for compensation under the Employers' Liability Act, or that he considers himself entitled to compensation under it."

Following the later ruling, as above noted, we conclude that the exception of no cause of action as originally filed and as again filed and properly pleaded in this court, is well founded, and that the judgment appealed from, insofar as it has dismissed plaintiff's suit, should be affirmed at plaintiff's cost in both courts.