**ALLEN et al. v. YANTIS.**

No. 1998.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Robt. R. Stone, of Lake Charles, for appellants.

Plauche & Stockwell, of Lake Charles, for appellee.

LE BLANC, Judge.

On November 16, 1937, plaintiff filed suit in the district court of Calcasieu Parish on her own behalf and as natural tutrix of her minor child Macswell Allen, seeking to recover the sum of $6,000 for herself and a like amount for her child from the defendant herein for damages arising out of the death of her husband, who died on November 24, 1936, as a result of injuries alleged to have been sustained by him on November 21, 1936, when a barn of the defendant in which he was working collapsed and he was crushed in the ruins and debris.

In her petition in that suit plaintiff set out a cause of action based exclusively on the alleged fault and negligence of the defendant. She failed to negative the fact that her claim arose under the Workmen's Compensation Law, Act No. 20 of 1914 and its amendments, and did not plead her rights under that law in the alternative. For her failure in this respect her peti-tion was met with an exception of no right or cause of action which was sustained in the district court.

In assigning written reasons the district judge stated that ordinarily a judgment based on an exception of no cause or right of action contemplates the dismissal of the suit but in view of the liberal attitude of the courts towards compensation suits he had, after careful consideration of the merits of the exception, come to the conclusion that plaintiff should be reserved the right to amend her petition and to plead her cause in the alternative under the Workmen's Compensation Statute. He accordingly entered a decree maintaining the exception, reserving however to the plaintiff, her right to amend her petition as stated. This decree was handed down on January 20, 1938.

On January 25, 1938, or within five days after she had been granted the right under the decree of the court, plaintiff filed her amended petition, service and citation of which was accepted by defendant through his counsel and in which she pleaded her cause of action under the Workmen's Compensation Statute, alleging, in the alternative, that on the state of facts as set out in her original petition she was entitled to recover compensation for herself and her child at the rate of 46¼% of the wages alleged by her to have been earned by her husband at the time he was injured for a period of three hundred weeks, if in the opinion of the court her claim came within the provisions of that statute. She prayed for judgment under the allegations of her original petition and, in the alternative, for judgment for compensation under the allegations of the amended petition.

After this amended petition had been filed, defendant moved for a re-hearing which was granted and in rendering judgment thereon the district judge recalled the reservation which had been granted the plaintiff to amend and he dismissed her suit as in case of non-suit. This judgment was entered and signed on March 10, 1938. Plaintiff took an appeal to this court which was this day dismissed for the reasons shown in the opinion rendered therein.

On March 14, 1938, within four days of the dismissal of her original suit plaintiff instituted the present proceeding on her own behalf as well as in her capacity as tutrix of her minor child, in which she

again sets out in her petition a cause of action under the provisions of the Workmen's Compensation Statute based on the same state of facts as far as the nature of her deceased husband's employment and the accident which caused his death are concerned as had been alleged in the petition in the former suit.

In this petition she alleged in effect that her former suit based on the provisions of Article 2315 of the Revised Civil Code had been dismissed on an exception and therefore this suit was being filed for the same cause of action under the Workmen's Compensation Statute. She further alleged that the district court had ruled that on a state of facts such as she had originally alleged, her husband's employment at the time he was injured was within the contemplation of that statute and that he was accorded protection under its provisions. Defendant filed a motion to strike out these allegations from the petition as he contended that they misinterpreted the ruling of the court in the former suit and were made in an attempt and with the intention to accomplish what the court had held plaintiff could not do in that suit. Defendant also filed an exception of no cause of action, and a plea of prematurity and prescription based on the provisions of the Workmen's Compensation Statute, Act No. 20 of 1914, § 31, as amended by Act No. 85 of 1926 and Act No. 29 of 1934, and also the provisions of Article 3536 of the Revised Civil Code.

The lower court sustained the motion to strike out and also the plea of prescription. Whilst there is no decree found in the record the ruling on the plea of course had the effect of dismissing the suit and plaintiff has appealed.

We do not attach any great importance to the allegations which defendant complains of. Plaintiff did make allegations concerning the former suit and how it was disposed of in the lower court. That, in our opinion, was all that was necessary. Her further allegations in connection with the ruling of the court are in effect her own interpretation of the action of the court and therefore merely conclusions on her part which require no answer by the defendant. It is the province of the court to construe the ruling made by it in the judgment referred to. The plea of prescription does not depend on the allegations complained of but will have to stand or fall on what has actually transpired. If, on the pleadings and the action of the court in connection therewith, prescription has been interrupted it matters but little what the allegations made by the plaintiff contain regarding them. On the other hand, if prescription has not been interrupted, all the allegations plaintiff may make regarding these matters will not be sufficient to interrupt it.

It is our opinion that the filing of the original suit within the prescriptive period, even though on a cause of action pleaded under Article 2315 of the Civil Code, had the effect of interrupting or suspending the running of prescription in the present case.

The former suit was dismissed by judgment of court as already shown on March 11, 1938, and the present suit was filed and service made on the defendant within five days thereafter. Although the cause of action in the present suit is pleaded under the Workmen's Compensation Statute, the facts on which it is pleaded are the very same as had been alleged in the former suit and of which the defendant had been duly apprised. Not only that, he had been apprised by supplemental petition in the former suit that the plaintiff, under the same facts as alleged in her original petition, was pleading, in the alternative, her cause of action as she does in the present suit, under the Workmen's Compensation Statute. This she did under reservation of the right granted to her by the court. It is true that the court recalled its ruling under which it had granted her this right and subsequently dismissed her suit but its action in so doing could have no effect on the notice which defendant had obtained through the supplemental petition of her claim being made under the Workmen's Compensation Statute and which notice after all is the important thing to be considered in disposing of a plea of prescription.

In the case of Lemieux v. Cousins, 154 La. 811, 98 So. 255, the Supreme Court held that where a petition alleging a cause of action for injuries arising out of the negligence of the defendant and filed within a year after the injury was amended over a year afterwards to seek recovery under the Workmen's Compensation Law, it was improper to sustain a plea of prescription of one year, plaintiff in the original demand having set up all the facts necessary to show that he had some claim

under the Workmen's Compensation Law. "It is true", stated the court, "that he erred in the measure of his claim, but he showed an unmistakable intention to claim his dues * * * and this we think was sufficient to interrupt prescription." The situation here was exactly the same until the court recalled its reservation under which plaintiff had amended her petition and dismissed her suit as in case of nonsuit. After that dismissal she not only appealed from the judgment but filed the present proceeding and as it appears to us, indicated perhaps more forcefully than did the plaintiff in the cited case, her intention to claim her dues even though she may, like that plaintiff, have at first mistaken her remedy and the measure of her claim.

In Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488, the Supreme Court held that the action brought in that case was sufficient to apprise the defendant of the nature of the demand even though the petition had insufficiently alleged a cause of action and that the same had the effect of interrupting prescription.

In the present case, if the amended petition filed in the original suit is to be taken into consideration, as we certainly believe it should, it strikes us that under the authority of Act No. 39 of 1932 also, the plea would have to be overruled because by that act it is provided that the mere filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued on against all defendants, including minors and interdicts.

It is our conclusion that the plea of prescription as well as the motion to strike out were both improperly sustained in the court below. The district judge, in view of his ruling on the plea, found it unnecessary to pass on the exception of no cause of action and that exception is not presently before this court. The conclusion we have reached makes it necessary therefore for us to remand the case to the district court for further proceedings and,

It is, for the reasons herein stated, now ordered, adjudged and decreed that the judgment appealed from which sustained the motion to strike out and the plea of prescription and dismissed the plaintiff's suit be avoided, annulled and reversed, and, it is further ordered that there be judgment herein overruling both the motion to strike out and the plea of prescription and that the case be now remanded to the district court for further proceedings according to law. The defendant, appellee herein, is condemned to pay all costs so far incurred.