REDMANN, Judge.
Plaintiffs’ decedent was fatally injured by inhaling toxic combustion products from a fire at work. The basis of this action for damages against his co-employees is, appellants’ brief says,
“negligence ... in failing to vent the hydrocarbons to a safe location; in allowing the acid circulating pump to leak; in allowing the atmospheric tanks to be used for the storage of a flammable and/or combustible liquid at a temperature at or about its boiling point and in failing to provide workers with safety masks.
“Petitioners allege in Paragraph VI of their petition that the aforementioned al *412 legations of negligence were intentional and/or willful and alternatively existed for a period of at least three years before the accident of March 14, 1978.”
On defendants’ motion for summary judgment, however, plaintiffs did not suggest any facts from which it might reasonably be inferred that defendants’ negligence was indeed “intentional and/or willful.” In order to escape the exclusiveness of workers’ compensation plaintiffs must show that defendants’ tort was an “intentional act,” La.R.S. 23:1032, meaning “intentional tort,” Bazley v. Tortorieh, La.1981, 397 So.2d 475, 480, to establish which it is necessary to show “that the co-employee ... desired the consequences of his acts or omissions or that he believed the consequences were substantially certain to result from them,” id. at 482.
Plaintiffs in this case made no response at the time of the motion for summary judgment to indicate, as required by La.C. C.P. 966, that they had either undisputed facts, or a genuine factual dispute or even some disability to present essential facts, from which to argue that defendants had committed an intentional tort and therefore defendants were not entitled to judgment as a matter of law. The motion for summary judgment was therefore properly granted.
We note that Bazley, affirming a dismissal on exception of no cause of action, “affirmed and remanded.” Bazley did not explain the remanding, but Bazley differed from this case in that this case is one on summary judgment rather than, exception; and, while judgment maintaining an exception often allows leave to amend to remove the grounds of the objection, La.C.C.P. 932-934, summary judgments “are final judgments ... with the same effect as if a trial had been had upon evidence regularly adduced,” C.C.P. 968.
Affirmed.