413 So.2d 315 (1982)
Thomas H. SHORES, Plaintiff and Appellant,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK, et al., Defendants and Appellees.
No. 8716.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*316 Owen J. Bradley and Michael R. Guidry, New Orleans, Sherman F. Raphael, J. D., New Orleans, for plaintiff-appellant.
McGlinchey, Stafford & Mintz, J. Michael Johnson and Michael Sistrunk, New Orleans, Landry, Watkins & Bonin, Nan M. Landry, New Iberia, Joshua A. Tilton, R. Randall Roche, Baton Rouge, for defendants-appellees.
Before CULPEPPER, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
Plaintiff sues his employer, several executive officers and fellow employees and the employer's liability insurer, seeking damages in tort for injuries sustained in an automobile accident. These defendants filed an exception of no cause of action on the grounds that plaintiff's exclusive remedy is against his employer for worker's compensation. The trial judge sustained defendants' exception and dismissed plaintiff's suit as to these defendants.[1] Plaintiff appeals.
Plaintiff alleges that he was an employee of defendant, LeBlanc Welding & Construction Company, that he was ordered by his supervisor to drive five co-employees in a company automobile to a job site, and that during this trip an automobile accident occurred in which he received serious injuries.
On appeal, plaintiff argues his original and amending petitions state a cause of action in tort for damages caused by the "intentional acts" of the defendant-employer and its executive officers and employees, since he alleges that the acts which caused the accident were committed by the defendants with the knowledge that injuries were substantially certain to follow. He further contends, in the alternative, that the petition states a cause of action for workmen's compensation by alleging that the plaintiff was injured while in the course and scope of his employment.
It is well settled that the function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. As stated by the Louisiana Supreme Court in Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975):
"The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968)."
LSA-R.S. 23:1032, as amended, precludes suits by an employee to recover for work-related injuries from an employer or fellow employee engaged at the time of injury in the normal course and scope of employment, unless his injury resulted from the co-worker's intentional act. The statute provides in pertinent part:

*317 "§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
The Louisiana Supreme Court, in Bazley v. Tortorich, 397 So.2d 475 (La.1981), stated that the principal legislative aim of the amendment was to broaden the class of defendants to be granted immunity from tort suits by injured employees, so as to prohibit such suits against the employer's executive officers and employees. The statute does provide, however, that the exclusive nature of the compensation remedy does not apply to "intentional acts." The court concluded that because of the received meaning and acceptance of the statutory language and the object of the legislation, the words "intentional act" mean the same as "intentional tort" in reference to civil liability. The following test for intentional tort in the context of this statute was stated by the court:
"The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.
* * * * * *
"Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result."
In Bazley, the plaintiff's petition alleged that the defendant fellow employees intentionally committed certain acts which, if proven, would constitute negligence, such as failure to warn of danger, failure to keep a lookout, etc., arguing that since these acts were voluntary, they were intentional within the meaning of the statute. This argument was rejected in light of the court's interpretation of the meaning of the statute, and it was held that the plaintiff's petition failed to state a cause of action for lack of allegations that the defendant desired the consequences of his acts or believed such consequences were substantially certain to follow. The plaintiff here argues that his petition meets the Bazley test for alleging an intentional tort since he alleges certain acts and omissions were intentionally committed by the defendants with the knowledge that serious accidents and injuries were substantially certain to result therefrom.
The Louisiana Supreme Court stated in Delta Bank & Trust v. Lassiter, 383 So.2d 330 (La.1980):
"Although the correctness of the plaintiff's well pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of a ruling on an exception of no cause of action. Breaux v. Laird, 223 La. 446, 65 So.2d 907 (1953); Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16 (1934); Federal Land Bank of New Orleans v. Mulhern, 180 La. 627, 157 So. 370 (1934). "C.C.P. 891 provides that a petition "shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause *318 of action is based ..." From that language it is clear that a court when considering an exception of no cause of action must consider only the facts alleged by the plaintiff, and that a mere statement of a conclusion of law will not state a cause of action."
Thus, the court may disregard allegations which are not facts but are mere conclusions of the pleader. Nugent v. Executive Officers of Harter Oil Company, 396 So.2d 537 (La.App. 3rd Cir. 1981); Lott v. Haley, 363 So.2d 1270 (La.App. 4th Cir. 1978), affirmed in pertinent part 370 So.2d 521 (La. 1979); McDonald v. Boh Bros. Construction Co., Inc., 397 So.2d 846 (La.App. 4th Cir. 1981).
Plaintiff's petition contains the following pertinent allegations:
"Plaintiff avers that defendants caused his injuries by the following acts and omissions:
1. In intentionally failing to provide the plaintiff a safe place to work;
2. Intentionally overworking the plaintiff;
3. Intentionally requiring the plaintiff to carry unsealed gasoline cans in the vehicle;
4. Intentionally failing to inspect the vehicle for hazardous conditions;
5. Intentionally failing to maintain the vehicle in a safe condition.
Plaintiff further alleges that these and other intentional acts were committed by defendants with the knowledge that serious accidents and injuries were substantially certain to result from such acts and omissions."
We find the final paragraph to be a conclusion of the pleader that the defendants believed serious accidents and injuries were substantially certain to follow. Accepting as true all of the allegations of fact as to the acts and omissions of the defendants, they do not constitute facts which show that defendants had knowledge that this plaintiff or any other employee assigned this job was substantially certain to be seriously injured in an accident as a result of the alleged acts and omissions. There are no specific facts pleaded to show how or why the defendants knew plaintiff's injury was a substantial certainty, nor are any facts pleaded as to the knowledge of any defendant of unsafe conditions under which the plaintiff was working. See Nugent v. Executive Officers of Harter Oil Company, supra; Delta Bank & Trust Company v. Lassiter, supra. In the absence of allegations of the actual facts upon which this assertion is based, the plaintiff's petition does not set forth a cause of action for intentional tort against the defendants-appellees.
Plaintiff's contention that the petition alternatively states a cause of action based on worker's compensation is founded on the allegations that the plaintiff was employed by LeBlanc, was in the course and scope of his employment at the time of the accident, and that his injuries were sustained as a result of the accident.
We recognize that Louisiana has abandoned the theory of the case pleading and now follows a rule of liberal construction of our procedural laws to allow consideration of any cause of action or defense, even if not properly labeled or prayed for. Nevertheless, the pleadings, taken as a whole, must contain sufficient allegations to afford fair notice to the adverse party of the relief sought. See Greer v. Continental Casualty Company, 347 So.2d 70 (La.App. 2d Cir. 1977); Slay v. Smith, 368 So.2d 1144 (La.App. 3rd Cir. 1979).
LSA-R.S. 23:1311 provides, in pertinent part:
"The petition should set forth the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury and such other facts as may be necessary and proper for the information of the court, and to give the other party sufficient information to enable him to intelligently answer and defend the complaint; *319 it should also state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which in this Chapter are made conditions under which compensation may be granted."
The plaintiff's petition lacks any allegation as to the amount of wages being received at the time of the accident, any knowledge of, or notice to, his employer of the accident and injuries, any failure or refusal by the employer to pay compensation, or any other matter in dispute with regard to compensation benefits. It merely alleges that the accident occurred while the petitioner was within the course and scope of his employment and as a result of the negligence of his fellow employees. It further contains no alternative prayer for workmen's compensation. Plaintiff relies on Allen v. Yantis, 190 So. 236 (La.App. 1st Cir. 1939) and Lemieux v. Cousins, 154 La. 811, 98 So. 255 (1923) in support of his argument. However, in both of those cases, the plaintiff's petition was amended to make it clear that a claim was being made against the defendant under the Workmen's Compensation Statute, and both contained a prayer for the alternative remedies of damages or workmen's compensation.
We find that the petition in the instant case fails to allege sufficient facts regarding a claim for workmen's compensation so as to afford fair notice to the defendant that such a claim has been made. Therefore, the plaintiff's petition fails to state a cause of action in workmen's compensation because of the insufficiency of its allegations.
Plaintiff did not request permission of the trial judge to amend his petition so as to allege an alternative cause of action for workmen's compensation. However, on appeal plaintiff requests in his brief a remand for this purpose.
LSA-C.C.P. Article 934 provides:
"Art. 934. Effect of sustaining peremptory exception
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Clearly, plaintiff may be able to amend his petition to allege a cause of action for workmen's compensation. Accordingly, we will remand to afford the plaintiff an opportunity to amend his petition in accordance with this opinion.
For the reasons assigned, the judgment appealed is affirmed as to dismissal of plaintiff's demand in tort. However, the case is remanded to the trial court for the purpose of allowing the plaintiff a delay of 15 days after this judgment becomes final to amend his petition to allege a cause of action for workmen's compensation, and if plaintiff fails to so amend his action shall be dismissed. All costs to date in the trial and appellate courts are assessed against the plaintiff.
AFFIRMED IN PART AND REMANDED.
NOTES
[1] The State of Louisiana is also a defendant, and the suit is still pending as to it.