413 So.2d 692 (1982)
Emma Williams FREEMAN, Ind., et al., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants-Appellees.
No. 8768.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1982.
Preston Aucoin and Gilbert Aucoin, Fusilier & Chapman, J. Wendel Fusilier, Ville Platte, for plaintiffs-appellants.
Davidson, Meaux, Sonnier & Roy, M. Candice Hattan, Edward Taulbee, IV, Lafayette, Guglielmo & Lopez, Peter Caviness, Opelousas, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
The issue in this and companion cases is whether plaintiff's petitions set forth "intentional torts" committed by Martin E. Guillory which are not subject to the exclusive remedy provision of the Louisiana *693 Workmen's Compensation Law, particularly LSA-R.S. 23:1032. Plaintiffs in various cases with which this case is consolidated brought personal injury, survival, and wrongful death actions resulting from an automobile accident. In one consolidated judgment the trial court granted motions for summary judgment as to defendants Martin E. Guillory and South Louisiana Contractors, Inc., and dismissed the actions as to them. Motions for summary judgment as against Insurance Company of North America were denied. The plaintiffs in each of the cases appealed the judgment as to the defendants dismissed. Separate opinions are being rendered on this date in the companion cases.[1] The accident occurred while Martin E. Guillory (Guillory) was driving a truck belonging to South Louisiana Contractors, Inc. (SOLOCO). The latter was the employer of Guillory. The petitions named as defendants Guillory, SOLOCO, and Insurance Company of North America (INA). Motions for summary judgment were filed by Guillory, SOLOCO, and INA. The motions were granted as to Guillory and SOLOCO but denied as to INA. Appeals were taken by the various plaintiffs from the judgment dismissing the suits as to Guillory and SOLOCO. We affirm the judgment in this case brought by Emma Williams Freeman individually and on behalf of her minor children.[2]
Emma Williams Freeman alleges that her children were born of her marriage with Jeff Freeman and that Jeff Freeman was killed as a result of the accident mentioned above on May 28, 1979. Freeman was riding in the truck driven by Guillory. The passengers included Gerard C. Lavigne and Jimmy Roy Bushnell who were injured and who have brought separate suits mentioned in footnote 1. After the appeal was lodged, SOLOCO was voluntarily dismissed on motion of appellant, Emma Williams Freeman, and an order to that effect was granted by the court on December 7, 1981. The petition alleges that INA issued a policy of public liability insurance on the truck owned by SOLOCO and driven by Guillory. As a result of the denial of the motion as against INA and the dismissal as against SOLOCO, this appeal involves Guillory only.
The various petitions in the cases consolidated in these appeals set forth allegations that the accident occurred as a result of enumerated acts on the part of Guillory which plaintiffs also allege were intentional acts. These appeals pose the question of whether plaintiffs may present Guillory's negligence as "intentional acts" in their petitions by the simple expedient of couching allegations so as to state that Guillory (1) intended to cause injury or death through various negligent acts and (2) desired the accident to result in injury or death.
By framing their petitions in such a manner plaintiffs seek to avoid the prohibition contained in the Louisiana Workmen's Compensation Law prohibiting suits against co-employees. LSA-R.S. 23:1032. As an example in this particular case, the third supplemental and amending petition of Emma Williams Freeman contains, among others, the following allegations:
"3.
"Alternatively, reference is made to plaintiff Emma Williams Freeman, et als' original petition, particularly paragraph six, and to their second amending and supplemental petition, particularly paragraph one and to Gerard C. Lavigne's original petition, particularly paragraph six; it is seen that there the negligence *694 and/or intentional acts of defendant Martin E. Guillory and South Louisiana Contractors, Inc. (respondeat superior) are set forth as follows:
a) Failing to maintain a proper lookout;
b) Failing to maintain proper control of the vehicle in which Jeff Freeman and Gerard C. Lavigne were riding;
c) Being inattentive or distracted;
d) Crossing center line into opposing lane;
e) Failing to negotiate the curve;
f) Driving at an excessive rate of speed at the time of the accident;
g) Failing to slow down or stop in time to avoid the accident;
h) Failing to do what he should have done;
i) Failing to see what he should have seen.
"4.
"In connection with the above negligent acts and omissions and/or intentional acts of the defendants (especially the intentional acts) particularly Martin E. Guillory's, plaintiffs Emma Williams Freeman, et als and Gerard C. Lavigne, specifically amplify their contention that besides Martin E. Guillory's acts and omissions being negligent, they were also intentional, and allege that:
a) Defendant Martin E. Guillory intended to fail to maintain a proper lookout, and desired the accident to result because of his failure to maintain a proper lookout, and either desired or was substantially certain that the occupants of the vehicle, including the late Jeff Freeman and Gerard C. Lavigne, would be killed and/or injured;
b) Defendant Martin E. Guillory intended to fail to maintain proper control of the vehicle in which Jeff Freeman and Gerard C. Lavigne were riding, and desired the accident to result because of his failure to maintain proper control of the vehicle in which Jeff Freeman and Gerard C. Lavigne were riding, and either desired or was substantially certain that the occupants of the vehicle, including the late Jeff Freeman and Gerard C. Lavigne, would be killed and/or injured;"
Martin E. Guillory filed his motion for summary judgment on March 30, 1981. Tr. 293. Affidavits attached to an exception of no cause or right of action and alternative motion for summary judgment filed July 23, 1979[3] (Tr. 28) establish that:
1. On May 28, 1979, at the time of the accident involved in this case Jeff Freeman was employed by SOLOCO.
2. At the time of the accident Jeff Freeman was riding in the doghouse of a 1977 GMC truck owned by SOLOCO and being driven by Martin E. Guillory.
3. The truck was being driven along Louisiana Highway 389 when the vehicle failed to negotiate a turn and Jeff Freeman was fatally injured.
4. Jeff Freeman and Guillory had worked earlier in the day at Bancroft, Louisiana, and were on their way from the job site to SOLOCO's Eunice yard in the company vehicle when the accident took place.
An affidavit on file at Tr. 54 establishes that at the time of the accident both Freeman and Guillory were being paid as evidenced by SOLOCO time sheets attached. The factual matters set forth in affidavits referred to above were not opposed by any counter affidavits or other items setting forth contrary facts. Therefore, we conclude that there is no genuine issue as to the material facts establishing that Freeman and Guillory were co-employees of SOLOCO at the time of the accident in question and were in the course and scope of their employment. Under the circumstances we conclude that the suit of Emma Williams Freeman and her children against Guillory based on Freeman's death *695 caused by the accident is barred by the workmen's compensation exclusive remedy contained in LSA-R.S. 23:1032.
Plaintiffs urge in this appeal that they have met the test of Bazley v. Tortorich, 397 So.2d 475 (La.1981) in their allegations setting forth that the acts of Guillory which caused the SOLOCO truck to overturn were "intentional torts" exempted from the workmen's compensation exclusive remedy provision. Plaintiffs urge that they are free to pursue their tort remedy against Guillory for damages. We hold otherwise. The issue has been thoroughly deliberated. See the comments of Professor Alston Johnson concerning the "intentional torts" exclusion in 42 La.Law Rev. 630 et seq. The issue has recently been well considered by this court in an opinion by Judge Culpepper in Shores v. Fidelity & Casualty Co. of N. Y., et al., 413 So.2d 315 (La.App. 3rd Cir. 1982). The opinion reiterates the proposition which has been established in other cases that courts may disregard allegations which are not facts but are mere conclusions of the pleader.[4]
It is clear beyond any question that the allegations of the petition of Emma Williams Freeman to the effect that the acts of Martin E. Guillory forming the basis of this claim in tort are mere conclusions of the pleader. Therefore, for the reasons given above and the discussion contained in the Shores case and others we affirm the action of the trial court dismissing the suit of Emma Williams Freeman and her children on motion for summary judgment as against Martin E. Guillory. Appellants are assessed with the costs of this appeal.
AFFIRMED.
NOTES
[1] The other cases consolidated with this case in which separate opinions are being rendered are Gerard C. Lavigne v. Insurance Co. of North America, et al., 413 So.2d 695 (La.App. 3rd Cir. 1982), number 8769 on our docket; Joann Doucet Freeman v. Insurance Co. of North America, et al., 413 So.2d 689 (La.App. 3rd Cir. 1982), number 8770 on our docket; and Jimmy Roy Bushnell v. Insurance Co. of North America, et al., 413 So.2d 691 (La.App. 3rd Cir. 1982), number 8771 on our docket.
[2] The names of the minor children of Emma Williams Freeman and the decedent, Jeff Freeman, as listed in the petition are Barbara Freeman, Rachael Freeman, Tessie Freeman, Floyd Freeman, and Effrey Freeman, and of Lilly Mae Freeman, Diana Freeman, Janella Freeman Thomas, Sonny Freeman and Davis Freeman.
[3] The trial court overruled the exceptions and rejected the motion for summary judgment on December 17, 1979, in reasons for judgment signed December 17, 1979, (Tr. 34), but the court appears to have based its ruling in consideration of automobile insurance coverage.
[4] For this proposition Shores v. Fidelity & Casualty Co. of N.Y., et al., supra, cites the following cases: Nugent v. Executive Officers of Harter Oil Company, 396 So.2d 537 (La.App. 3rd Cir. 1981); Lott v. Haley, 363 So.2d 1270 (La. App. 4th Cir. 1978), affirmed in pertinent part 370 So.2d 521 (La.1979); McDonald v. Boh Bros. Construction Co., Inc., 397 So.2d 846 (La. App. 4th Cir. 1981). See also Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2nd Cir. 1982) and Gonzales v. Kilgore, 396 So.2d 411 (La.App. 4th Cir. 1981), the latter case being one dismissed on a motion for summary judgment, and cases cited by Professor Alston Johnson in footnote 43 in 42 La.L.Rev. 630 on page 633.