STOKER, Judge.
For the reasons stated in the companion cases of Emma Williams Freeman, Inc., et al v. Insurance Company of North America, et al, 413 So.2d 692 (La.App. 3rd Cir. 1982), in which a separate decision is being rendered by us this date, the judgment of the district court in the present case dismissing plaintiff’s suit as against Martin E. Guillory is affirmed.
The accident out of which this suit grows is the same accident described in the companion case just cited. For the record we will state here the particular facts of this case, the alignment of parties, pertinent pleadings and procedural steps in the case. This action was brought by Joann Doucet Freeman against Martin E. Guillory, (Guil-lory), South Louisiana Contractors, Inc., (SOLOCO), and Insurance Company of North America. In her original petition Joann Doucet Freeman alleges that she “was the common-law wife of Jeff Free *690 man” and that he was killed on May 28, 1979, as a result of the negligence of Guillory which caused the accident described in the opinion in Emma Williams Freeman, Inc. et al v. Insurance Company of North America, supra. In a supplemental and amending petition filed on March 12, 1981, (Tr. 35) Joann Doucet Freeman made the following allegations which purport to set forth intentional torts which caused the accident of May 28, 1979:
1.
“That Paragraph (6) of her original petition be amended to read as follows:
6.
“The above described accident and assuming [sic] injury of petitioner and the resulting damages to him, were occasioned by the intentional acts of the defendant, MARTIN E. GUILLORY, and in that regard, petitioner itemizes the intentional acts of said defendant, specifically but not exclusively as follows:
a) By his intentional failure to maintain a proper look-out and desiring the accident to result because of his failure to maintain a proper look-out and his desiring or his substantial certainty that the occupants of the vehicle would be killed or injured;
,b) His intentional failure to maintain proper control of the vehicle in which plaintiff was riding and desiring the accident to result because of his failure to maintain proper control of the vehicle and either desiring or being substantially certain that the occupants would be injured or killed;
c) His intentional being inattentive and distracted and his desiring the accident to result because of his intentional inattentiveness or distraction and his desiring or the substantial certainty that the occupants of the vehicle would be injured or killed;
d) His intentional crossing the center line into the opposing lane and his desiring the accident to result because of the crossing of the center line into the opposing lane and his desiring the accident to result because of the crossing of the center line into the opposing lane and his desiring or his substantial certainty that the occupants of the vehicle would be either injured or killed;
e) His intentional failure to negotiate a curve and his desiring the accident to result because of his intentional failure to negotiate a curve and either desiring or being substantially certain that the occupants of the vehicle would be either injured or killed;
f) His driving at an excessive rate of speed at the time of the accident, which he either desired or was substantially certain that the occupants of the vehicle would be either killed or injured;
g) His intentional failure to do what he should have done and see what he should have seen in order to avoid this accident and such intentional failure to do or see what he should have, was actively desired or was substantially certain that the occupants of the vehicle would be either killed or injured.”
Joann Doucet Freeman joined with Jimmy Roy Bushnell in filing with this court after the appeal was lodged a joint motion to dismiss SOLOCO from her suit, and an order to that effect was signed on March 30, 1982. Considering the foregoing, this case of Joann Doucet Freeman is in the same procedural posture as that of Emma Williams Freeman, Ind., et al v. Insurance Company of North America, et al, supra.
Appellant Joann Doucet is assessed with the costs of this appeal.
AFFIRMED.