STOKER, Judge.
For the reasons stated in the companion cases of Emma Williams Freeman, Ind., et al v. Insurance Company of North America, et al, 413 So.2d 692 (La.App. 3rd Cir. 1982), in which a separate decision is being rendered by us this day, the judgment of the district court in the present case dismissing plaintiff’s suit as against Martin E. Guillory is affirmed.
As noted in the opinion relative to the case of Emma Williams Freeman, plaintiff-appellant Jimmy Roy Bushnell was a passenger in the truck driven by Martin E. Guillory owned by SOLOCO when it was involved in the accident on May 28, 1978. Bushnell filed a petition in tort against Guillory and Insurance Company of North America. Although we have not found in the record any pleading by which SOLOCO was made a party defendant to this suit of Bushnell, he joined with Joann Doucet Freeman in filing with this court after the appeal was lodged a joint motion to dismiss SOLOCO from his suit, and an order to that effect was signed on March 30, 1982.
Bushnell filed a supplemental and amending petition on March 12, 1981 (Tr. 37) which contains the following allegations purporting to allege intentional torts on the part of Guillory which caused the accident of May 28, 1979:
1.
“That Paragraph (5) of his original petition be amended to read as follows:
(5)
“The above described accident and assuming [sic] injury of petitioner and the resulting damages to him, were occasioned by the intentional acts of the defendant, MARTIN E. GUILLORY, and in that regard, petitioner itemizes the intentional acts of said defendant, specifically but not exclusively as follows:
a) By his intentional failure to maintain a proper look-out and desiring the accident to result because of his failure to maintain a proper look-out and his desiring or his substantial certainty that the occupants of the vehicle would be killed or injured;
b) His intentional failure to maintain proper control of the vehicle in which plaintiff was riding and desiring the accident to result because of his failure to maintain proper control of the vehicle and either desiring or being substantially certain that the occupants of the vehicle would be injured or killed;
c) His intentional being inattentive and distracted and his desiring the accident to result because of his intentional inattentiveness or distraction and his desiring or the substantial certainty that the occupants of the vehicle would be injured or killed;
d) His intentional crossing the center line into the opposing lane and his desiring the accident to result because of the crossing of the center line into the opposing lane and his desiring or his substantial certainty that the occupants of the vehicle would be either injured or killed;
*692 e) His intentional failure to negotiate a curve and his desiring the accident to result because of his intentional failure to negotiate a curve and either desiring or being substantially certain that the occupants of the vehicle would be either injured or killed;
f) His driving at an excessive rate of speed at the time of the accident, which he either desired or was substantially certain that the occupants of the vehicle would be either killed or injured;
g) His intentional failure to do what he should have done and see what he should have seen in order to avoid this accident and such intentional failure to do or see what he should have, was actively desired or was substantially certain that the occupants of the vehicle would be either killed or injured.”
Considering the foregoing this case of Jimmy Roy Bushnell is in the same procedural posture, as that of Emma Williams Freeman, Ind., et al v. Insurance Company of North America, et al, supra.
Appellant Jimmy Roy Bushnell is assessed with the costs of this appeal.
AFFIRMED.