444 So.2d 793 (1984)
Emma Williams FREEMAN, Ind., et al., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al., Defendant-Appellee.
No. 83-426.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*794 Preston N. Aucoin, J. Wendel Fusilier, Ville Platte, for plaintiffs-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Keith M. Borne, Edward Taulbee, IV, Lafayette, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
This is an appeal from a trial court judgment granting a motion for summary judgment in favor of Insurance Company of North America (INA) and against Emma Williams Freeman, et al. The circumstances are somewhat unusual in that the trial court was of the opinion that the motion should not be granted and granted the motion solely because it was ordered to do so by this Court of Appeal in response to a writ application by INA. The trial court initially (August 19, 1981) denied INA's motion for summary judgment; it again denied the motion for summary judgment at a hearing on a motion to reconsider held on February 14, 1983, as evidenced by a judgment in the record signed by the trial judge on February 24, 1983.
Subsequent to the second denial of INA's motion for summary judgment on February 24, 1983, INA applied to this court for a writ of certiorari. The writ was granted and made peremptory on February 28, 1983, with the following order: "The trial court is hereby ordered to grant relator's (INA's) Motion for Summary Judgment, and the matter [is] remanded to the trial court for further proceeding according to law." In compliance with this order the trial court signed a judgment on April 18, 1983, granting INA's motion for summary judgment and dismissing the tort suit against INA brought by Emma Williams Freeman and her children (Appeal No. 84-426). The judgment was a consolidated judgment which affected other suits. The present appeal is by Emma Williams Freeman, et al from the trial court judgment of April 18, 1983.
Separate appeals are before us growing out of the same procedural history involving similar judgments as that rendered against Emma Williams Freeman, et al.[1] In this opinion we are concerned with the appeal of Emma Williams Freeman only. However, our holding in this appeal is applicable to the appeals in each of the other cases.

HISTORY OF THE CASE
The procedural history and legal issues pertaining to this matter are set forth to a large extent in our opinion in Freeman v. Insurance Company of North America, 413 So.2d 692 (La.App. 3rd Cir.1982). That suit (which is the same suit involved here) was brought by Emma Williams Freeman, individually and on behalf of children born of her marriage with Jeff Freeman as a tort suit. The latter was killed in a one-vehicle accident while riding in a truck driven by Martin E. Guillory (Guillory) and belonging to South Louisiana Contractors, Inc. (SOLOCO). SOLOCO was the common employer of Guillory, Jeff Freeman, Gerard C. Lavigne and Jimmy Roy Bushnell. In all of the cases mentioned in footnote 1 we affirmed trial court judgments granting motions for summary judgments in favor of Guillory. After the appeals were lodged in those cases SOLOCO was voluntarily dismissed on motions by appellants. See 413 So.2d, opinions at pages 689, 691, 692 and 695.
INA was not before us in those appeals. As noted above the trial court had denied motions for summary judgment brought by INA.
After rendition of our opinion in Freeman v. Insurance Company of North America, supra, and the other opinions cited above, INA moved to have the trial court reconsider its denial of INA's motion *795 for summary judgment in the several tort suits brought by Emma Williams Freeman and the other plaintiffs. After denial of reconsideration of the INA motion in the Freeman case in the trial court judgment of February 24, 1983, INA sought relief through the supervisory powers of this court of appeal. As recounted above we granted the writ, made it peremptory and ordered the trial judge to grant the motion for summary judgment.

DISPOSITION OF PLAINTIFFS' APPEAL
We must consider plaintiff's appeal from the trial judge's judgment of April 18, 1983, given in compliance with our writ in light of our action on the writ.
As will be noted from the opinion in Freeman v. Insurance Co. of North America, supra, the basic issue presented is whether Guillory was guilty of "intentional acts" which would destroy the immunities from tort actions enjoyed by otherwise liable parties as provided in the workers' compensation law of this state found in LSA-R.S. 23:1032. INA provided liability insurance on the truck driven by Guillory and owned by SOLOCO. The position of INA is that, if there is no liability on the part of Guillory or SOLOCO as determined in Freeman v. Insurance Co. of North America, supra, there can be no liability on the part of INA. Among other authorities INA relies on are Kelley v. M & M Dodge, Inc., 370 So.2d 1267 (La.App. 3rd Cir.1979), writ denied, 374 So.2d 660 (La.1979) and Carlisle v. State, Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir.1981), writ denied, 404 So.2d 1256 (La.1981).
The various plaintiffs-appellants vigorously urge various arguments in support of their contention that tort claims against INA as the insurer can be asserted even though the insureds (Guillory and SOLOCO) are immune from suit. This proposition was decided against appellants in the Kelly and Carlisle cases cited above. At this point we cannot reconsider appellants' arguments inasmuch as we have already ruled on the motion for summary judgment when we granted the writ and ordered the trial court to grant the motion for summary judgment. Although no written opinion was handed down by us when the writ was granted and made peremptory, we hold, nevertheless, that our action on the writ application constituted the law of the case. As a result we must affirm the trial court's judgment in conformity with our writ signed on April 18, 1983. See Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 256 So.2d 105 (La.1971).
For the foregoing reasons we do not consider any of the contentions of the appellants and affirm the trial court's judgments granting INA's motion for summary judgment. Accordingly, the judgment in this case (Appeal Number 83-426) in favor of Insurance Company of North America and against Emma Williams Freeman, individually, and on behalf of her minor children rendered on April 18, 1983, is affirmed. The costs of this appeal are assessed to appellant, Emma Williams Freeman.
AFFIRMED.
NOTES
[1] These appeals are the subject of separate opinions by us in the following suits: Lavigne v. Insurance Company of North America, et al., 444 So.2d 797 (La.App. 3rd Cir.1984); Freeman v. Insurance Company of North America, et al., 444 So.2d 795 (La.App. 3rd Cir.1984); and Bushnell v. Insurance Company of North America, et al, 444 So.2d 796 (La.App. 3rd Cir.1984).